# Gresham *v.* The State.

*Violating Prohibition Law.*

(Decided May 16, 1911. 55 South. 447.)

1. *Intoxicating Liquors; Indictment; Limitation.*—Where the indictment was found October 27th, 1910, and charged the unlawful sale or disposition of prohibited liquors since August 25th, 1909, it was not demurrable as showing that the offense was committed more than one year before the finding of the indictment.

2. *Jury; Venire; Sufficiency.*—Under section 32, Acts 1909, p. 318, it was error to require the defendant to select a jury from a list of twenty-three names although the solicitor waived one of his challenges.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Elbert Gresham was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The indictment was as follows, omitting the formal charging part: "That before the finding of this indictment, and since August 25, 1909, Elbert Gresham sold or offered for sale, kept for sale, or otherwise disposed of, spirituous, vinous, or malt liquors, contrary to law, etc. The demurrers are as follows: "(1) Because the offense charged was alleged in the indictment to have been committed more than 12 months prior to the finding of the indictment. (2) Because the indictment alleges that the offense charged took place at some time within a period greater than 12 months before the finding of the indictment. (3) Because said indictment was found by the grand jury on the 17th day of October, 1910, but alleges that the offense charged took place since August 25, 1909, which on its face shows that it embraces a period of time greater than 12 months before indictment was found. (4) Because it shows on its face that the offense charged is a misde-

[Gresham v. The State.]

meanor, and the period of time within which the offense is alleged to have occurred is a greater period than 12 months." The other demurrers raised the question as to the constitutionality of the act approved August 25, 1909, to further suppress the evils of intemperance, etc., in that said act is violative of section 45, Const. 1901, and the fourteenth amendment to the Constitution of the United States.

GOODWIN & McINTYRE, for appellant. Counsel admits that since the decision in the case of *Toole v. The State,* there is no merit in any of their material demurrers to the indictment. They insist that the court erred in requiring the defendant to select a jury from twenty-three names, notwithstanding the solicitor waived one of his challenges.—*Smith v. Kaufman,* 100 Ala. 409; *B. U. S. Ry. Co. v. Ralph,* 92 Ala. 273; Acts 1909, p. 318, sec. 32; 50 Wis. 423; 50 How. Pr. 262; 133 Mo. 500; 24 Cyc. 258. The court erred in permitting the jury to leave its presence for the purpose of viewing the evidence.—31 Ill. App. 653.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court was not in error in putting the defendant upon a venire of 23 names.—Acts 1909, p. 318. It appears from this fact that the defendant cannot demand a list containing twenty-four names, but that when the venire is less than that number the judge shall summon twice the number of the deficiency, and before the list can be increased, those summoned must appear and must be compelled to try the defendant. See generally, *Johnson v. The State,* 94 Ala. 35; *Arp v. The State,* 97 Ala. 5; *Caddell v. The State,* 129 Ala. 57. The court did not err in permitting the jury to view the evidence.—*Wil-*

*liams v. The State,* 46 Ala. 57; *Butler v. The State,* 72 Ala. 179; Bish. Cr. Proc. parag. 18.

PELHAM, J.—This case was tried and appealed prior to the decision in *Toole v. State,* 170 Ala. —, 54 South. 195, and that case disposes of the defendant's fifth, sixth, seventh, eighth, and ninth grounds of demurrer to the indictment. This is confessed by defendant in his brief on file in this case. The first, second, third, and fourth grounds of demurrer are without merit.

The defendant was required by the court to select a jury by striking from a list of jurors furnished by the clerk, composed of less than 24 names. The facts and defendant's exception on this proposition are set out in the bill of exceptions, as follows: "The solicitor, Hon. Lloyd Tate, representing the state, and Goodwyn & McIntyre, representing the defendant, were furnished by the clerk each a list of 23 jurors as a jury list from which to strike the jury for the trial of the defendant. The defendant objected to the list, upon the ground that the list contained less than the names of 24 jurors, which objection was overruled by the court, upon the statement by the solicitor that he would challenge the absent juror, and the defendant then and there duly and legally reserved an exception to the action of the court in overruling said objection. The court then directed that the solicitor might waive one of his rights to strike for the purpose of covering the discrepancy in the number of jurors on the list, which the solicitor did, and the court stated that the defendant should have the number of his challenges, but that the state should lose one of its challenges. The defendant thereupon duly and legally reserved an exception to this action of the court in requiring the defendant to join in striking a

jury from jury list composed of less than 24 names of jurors, to wit, 23."

In construing the same section of the jury law (Sp. Acts 1909, p. 318, § 32) under which the jury in this case was selected, the Supreme Court has held at the present term (*Elijah Jackson v. State,* 171 Ala. 55, South. 118) that it is reversible error not to give the defendant a list or venire comprising the requisite number of names fixed by the court and contemplated by law. That was a capital case, and the court below fixed the number of names to constitute the venire at 79 persons, and drew 40 names from the box, leaving necessary 39 names to be supplied from the regular jurors drawn and summoned for the week of trial to constitute the venire of 79 names. There were less than 39 regular jurors drawn and summoned for the week, and the court in that case says: "The result is the defendant did not get the venire fixed by the order of court and contemplated by law, for under the order of the court the venire was to consist of 79 persons, and only 40 persons having been drawn by the court, and 39 not having been drawn and summoned on the regular juries for the week, the venire did not comprise the number fixed by the order of the court. The defendant not having been tried by the venire to which he was, under the law, entitled, the case must be reversed, and the error was not cured by section 29 of the act, as it has no application as to what constitutes a legal venire, but relates to the manner of selecting, drawing, and impaneling jurors."

The number of persons to constitute the venire from which the jury to try the defendant in the case at bar was to be selected was fixed, not by the court, but by the law itself, at not less than 24. "If for any cause the regular number of jurors competent to try the defendant is reduced below 24, the court must cause twice the

number of the deficiency * * * to be drawn and summoned, and the names of those appearing who are competent to try the defendant must be placed on the list of jurors for the week."—Section 32 of the jury law. The venire was reduced below the requisite number provided by law, and the defendant not having a list comprising a sufficient number of names, as provided and fixed by law, from which to select a jury, under the rule laid down in *Jackson's Case, supra,* the case must be reversed and remanded. The solicitor's offer to "strike," or waive one of his strikes, as to a name not on the venire and which did not in fact exist, did not add the requisite name to the list or cure the error. Besides, the law required not *one* but *two* additional names to be drawn and summoned and added to the list, when the number was reduced to 23. Could it be contended that, had the solicitor in *Jackson's Case, supra,* offered to strike, or waive his strikes as to, the names not on the list, such offer or waiver would have made the list, held in that case insufficient and illegal, a sufficient and legal venire, constituting the number of names fixed by order of the court?

The other matters urged by appellant as errors will probably not come up in the trial of the case again, and are unnecessary to determine.

Reversed and remanded.

*Violating Prohibition Law.*

