[Wilks v. The State.]

# Wilks *v.* The State.

## *Violating Prohibition Law.*

(Decided February 6, 1913.  61 South. 475.)

1. *Jury Selection.*—Under section 32, Acts 1909, p. 318, the court properly required defendant to proceed with the selection of jurors where twenty-four regular and competent jurors were available for the trial of the cause, although a part of the twenty-eight regular jurors were engaged in the trial of another cause.

2. *Charge of Court; Hypothesis.*—It is proper to refuse a charge that is not so expressed as to convey the idea that the supposition mentioned must be one arising from or suggested by the evidence.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Sam Wilks was convicted of violating the prohibition law, and he appeals.  Affirmed.

Charge 2, as shown by the bill of exceptions, is as follows: "If there is a reasonable supposition of defendant's innocence, they must acquit him."

W. L. LEE, for appellant. The court erred in refusing charge 2.—*Johnson v. The State,* 102 Ala. 1; *Baldwin v. The State,* 111 Ala. 11; 25 Wash. 416.  Counsel discuss the alleged error in the manner of selecting the jury, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  No error was committed in the manner of selecting the jury.— *Gresham v. The State,* 1 Ala. App. 220; Sec. 32, Acts 1909, p. 318.  The court properly refused charge 2, as the supposition is not based on the evidence, and a reasonable supposition does not justify an acquittal.—

*Garrett v. The State,* 97 Ala. 18; *Yarbrough v. The State,* 105 Ala. 43; *Baldwin v. The State,* 111 Ala. 11.

WALKER, P. J.—Over the defendant's objection he was required to proceed to the selection of a jury from the list of 28 regular jurors who were not engaged in the trial of another cause, and who were competent to try the defendant. His claim was that he was entitled to have the lists include the names of all the regular jurors impaneled for the week, though some of them were at the time engaged in considering another case. We do not think that such a claim can be sustained. The court properly required the selection of the jury to be proceeded with as the number of regular jurors competent and available for the trial of the case had not been reduced below 24.—Acts Special Session 1909, § 32, p. 318; *Gresham v. State,* 1 Ala. App. 220, 55 South. 447; *Dorsey v. State,* 107 Ala. 157, 18 South. 199.

It is enough to justify the court's refusal to give written charge 2 requested by the defendant that it is not so expressed as to convey the idea that the supposition mentioned must be one arising from or suggested by the evidence adduced.—*Yarbrough v. State,* 105 Ala. 43, 56, 16 South. 758.

Affirmed.