# Dorsey v. The State.

*Indictment for Murder.*

1. *Court may, for cause, excuse juror drawn in capital case.*—Where in a capital case a juror's name is drawn while, at the time, he was a member of a jury considering a verdict in another case, and the court directed his name to be set aside and the drawing to proceed, there is no error in such action of the court, notwithstanding the juror had been summoned for the defendant's case, and his name put on the list of jurors served on the defendant.—[*Evans v. State*, 80 Ala, 4, explained]

2. *Coat worn by deceased when shot, showing marks of the shot, admissible in evidence.*—On a murder trial, it was proper to admit in evidence the coat worn by deceased at the time of the killing, in which there was a rent caused by the shot, as showing the relative positions of the deceased and defendant, and the place where the shot entered the body.

3. *Unprovoked assault does not excuse failure to retreat.*—An unprovoked assault will not justify the assailed in standing his ground and killing his assailant unless the peril of life or limb is imminent, and there is no reasonable mode of escape.

4. *Duty of retreat.*—On trial for murder, where there was evidence that at the time of the shooting there was reasonable appearance of danger to defendant at the hands of deceased, or that defendant could not have retreated without increasing the danger to his life, the jury should find defendant not guilty.

5. *Inference of self-defense does not arise from mere fact of fatal shot being fired while defendant was retreating.*—The mere fact that a person is retreating when he shoots and kills does not show that the shooting was done in self-defense.

6. *Ruling on motion for new trial in criminal case is not reviewable.* The refusal of a motion for a new trial in a criminal case will not be reviewed.

7. *Defendant's absence from court on hearing of motion for new trial not ground for reversal.*—The fact that defendant was not present in court when the motion for a new trial was heard is not ground for reversal.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

Andrew Dorsey was convicted of murder in the second degree, and appeals.

[Dorsey v. The State.]

The ruling of the court upon the formation of the jury is sufficiently stated in the opinion. The evidence for the state tended to show that Dick Wilkins, a brother of the deceased, and the defendant, were talking about the way the defendant had been treated by said Dick Wilkins in reference to his gun, which the defendant had pawned him; that upon Dick Wilkins having the gun of the defendant returned to him, upon the repayment of the loan made, the defendant leveled his gun upon the said Dick Wilkins, and demanded of him to drop the money; that thereupon the deceased, Miles Wilkins, stepped towards the defendant, and, throwing up his hands, said to the defendant not to shoot, whereupon the defendant leveled the gun upon the said Miles Wilkins, and fired it, killing him instantly. The testimony for the defendant was in conflict with that of the state, and tended to show that, at the time of the firing of the gun by the defendant, the said Miles Wilkins was advancing upon the defendant with a knife drawn, the defendant demanding of him to stop, and not to come closer; and that when within three or four feet of defendant, with his knife still drawn, the defendant fired the fatal shot. Upon the examination of Dick Wilkins, the brother of the deceased, the witness produced a coat that he testified the deceased had on when he was shot; and he pointed out a rent in the cuff of the left sleeve, and a hole, about an inch in diameter, through the left lapel, and said that this rent and the hole in the lapel were caused by the shot that killed the deceased. To the introduction of this coat, and the testimony of the witness concerning it, the defendant objected, upon the ground that it was illegal, immaterial, irrelevant, and incompetent evidence. The court overruled the objection, and the defendant duly excepted. Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1) "The jury must be convinced by the evidence, beyond all reasonable doubt, and to a moral certainty, that defendant intentionally provoked the assault made by deceased, if they find such assault was made, before the defendant can lose the right of self-defense." (2) "The jury must be convinced by the evidence, beyond all reasonable doubt,

[Dorsey v. The State.]

and to a moral certainty, that, at the time of the shooting by the defendant, that there was no reasonable appearance of danger of great bodily harm to defendant at the hands of deceased, or that defendant could have retreated without increasing the danger to his life, or they must find defendant not guilty." (3) "The court charges the jury that if they believe from the evidence that Andrew Dorsey was retreating at the time he shot Miles Wilkins, and warning him not to come on him, and that Miles Wilkins kept advancing on Dorsey with a knife, and that Dorsey shot Wilkins, they must find that Andrew Dorsey shot him in self-defense, if Dorsey was without fault in bringing on the difficulty." After the return of the verdict of guilty, and the sentence of the court thereupon, the defendant made a motion for a new trial. One ground of said motion was because Robert Bagley, one of the jurors trying said cause, was an incompetent juror, by reason of having served on a regular jury in that court within one year from his selection as juror in said cause; and that said juror was represented on the venire served on said defendant as a citizen of Beat 4 of said county, while, as a matter of fact, he resided in Beat 14 in said county. This motion was overruled.

WM. C. FITTS, Attorney-General, for the State, cited : *Jones v. The State*, 79 Ala. 23 ; *Hull v. The State*, 79 Ala. 32 ; *Roden v. The State*, 97 Ala. 54; *Hornsby v. The State*, 98 Ala. 23 ; *Davis v. The State*, 92 Ala. 20 ; *Amos v. The State*, 96 Ala. 120 ; *Rutledge v. The State*, 88 Ala. 85.

COLEMAN, J.—The defendant was convicted of murder in the second degree. The first exception reserved arose upon the ruling of the court while empanelling a jury. A juror's name was drawn, who, at the time, was a member of a jury then engaged in considering a verdict in another case. The court directed the name to be set aside, and for the drawing to proceed. The defendant objected, claiming that, as the juror had been summoned in his case, and his name put upon the list served upon him, he had the right to challenge or accept the juror.

Exceptions of this character, and there have been sev-

[Dorsey v. The State.]

eral before this court, grew out of a misconception of the decision in the case of *Evans v. The State*, reported in 80 Ala. 4. The decision in that case was based upon a special jury law for Dallas county. The case of *Chamblee v. The State*, 78 Ala. 466, though reported earlier, was, in fact, rendered subsequent to the case of Evans, and the distinction is there stated. The course pursued by the trial court, was in accord with the uniform ruling of this court upon the question.—*Kimbrough v. The State*, 62 Ala. 248; *Redd v. The State*, 69 Ala. 256 ; *Shelton v. The State*, 73 Ala. 8 ; *Johnson v. The State*, 87 Ala. 42; *Cole v. The State*, 105 Ala. 76.

The court did not err in admitting in evidence the coat worn by the deceased at the time of the killing, in which was a rent or hole, caused by the shot which resulted in his death. The rent made by the shot was a part of the transaction of the killing, and tended to show the relative position of the deceased toward the defendant, and the mortality of the gun shot wound. It was also corroborative of the evidence of the witnesses who testified as to the shooting. The lapel of the coat was a silent witness, but none the less effective, to show where the fatal shot entered the body of the deceased.— *Watkins v. The State*, 89 Ala. 82.

The court did not err in refusing the first charge requested by the defendant. The plea of self-defense cannot be successfully maintained, without showing that there was no reasonable mode of escape, except in the specified cases, where the law does not impose the duty of retreat. The fact that one person without provocation is assaulted by another does not justify the assailed in standing his ground and slaying the assailant unless the peril to life or limb is imminent and there is no reasonable mode of escape. The charge was calculated to mislead.—*Holmes v. The State*, 100 Ala. 80 ; *Naugher v. The State*, 105 Ala. 26 and authorities cited.

The second charge requested by the defendant does not possess a single element of sound law. If the jury were satisfied "that there was no reasonable appearance of danger" to defendant, or if the defendant failed to create a reasonable belief in the minds of the jury, that there was no reasonable mode of escape, in either event, it would be the duty of the jury to find that the plea of self-defense had not been sustained. Furthermore, this

[Price v. The State.]

charge omits the indispensable condition, that the defendant was free from fault in bringing on the difficulty.

The third charge requested, was properly refused. The mere fact that a party is retreating when he shoots and kills, does not show that there was a pressing necessity to take life; nor does it show, that he could not have further retreated and avoided the difficulty with reasonable safety.

After conviction, and judgment on the verdict, the defendant moved the court for a new trial. It would seem that at common law, after conviction for a felony, the defendant had no right as matter of law, to a new trial.—Chitty on Criminal Law, § 654; 4 Black. Com. § 361. The statute has made no provision for reviewing the ruling of the court, refusing a motion for a new trial in criminal cases, and we have often held that such action is not revisable, and in some cases even where the jury was allowed to separate.—*Franklin's* case, 29 Ala, 14; *Brister's* case, 26 Ala. 107; *Cooper v. The State*, 88 Ala. 107, *Walker v. The State*, 91 Ala. 76.

The fact that the defendant was not present in court when the motion for a new trial was heard and passed upon by the court is not error. A defendant has the right to be present during the entire trial and until after conviction and the sentence of the law has been pronounced by the court.—*State v. West*, (La.) 13 So. Rep. 173.

There was no evidence to support the motion in regard to the juror Robert Bagley, and it was without merit as a ground in arrest or judgment.

We find no error in the record.

Affirmed.

