# Simmons *v.* The State.

*Violating Prohibition Law.*

(Decided February 13, 1913.  61 South. 466.)

1. *Evidence; Declartions Calling for Reply; Admissibility.*—A statement by a sheriff who had the defendant in custody, made in the presence of defendant, that defendant asked him if he wanted anything, told him that the price was $1.25 per quart, that he gave the defendant that amount of money, that defendant went off, and after he came back, the sheriff went to his buggy and got a quart of whisky, and that defendant made no reply to such statement, were admissible as involving an accusation of guilt naturally calling for a reply; and the fact that defendant was then in custody did not render them inadmissible.

2. *Same.*—To justify the admissions of accusatory statements to which a defendant makes no reply, it is sufficient to show that they were made in his presence and were heard by the party having him in charge; the expression "in the presence of accused" implies proximity within a distance sufficient to permit of hearing, and, when made in his presence, it may be assumed that he did hear.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Henry Simmons was convicted of violating the prohibition law, and he appeals. Affirmed.

D. ISBELL, and W. R. BRADFORD, for appellant. Before accusatory statement made by a third party in the presence of a defendant, calling for a reply, are admissible against him, it must clearly appear that the defendant heard and understood them, and that they were made under such circumstances as called for a reply or denial.—*Spencer v. The State,* 20 Ala. 24; *Abercrombie v. Allen,* 29 Ala. 281; *Weaver v. The State,* 77 Ala. 26; *Peck v. Ryan,* 110 Ala. 336; *Briel v. Exchange Nat. Bank,* 172 Ala. 475. Such statements should be received with great caution.—1 Greenl. 197. The defendant was in custody.—*Collier v. Dick,* 111 Ala. 263.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—On the trial of the defendant for a violation of the prohibition laws, the solicitor asked one of the state's witnesses if he had heard one Rains say in the presence of the defendant where he got the bottle of whisky that had been found in his (Rains') possession, and from whom he got it. The defendant objected to this question "because illegal and incompetent," and reserved an exception to the action of the court in overruling the objection. The witness to whom the question was propounded was the sheriff of the county, and it was shown by the evidence that the sheriff had arrested the defendant and taken him in the presence of a justice of the peace, and that while there in the custody of the sheriff accused of the crime, but before a trial of any kind had been entered upon, the said Rains had stated in the presence of the defendant and others that "Simmons [the defendant] came to him and asked him if he wanted anything, and he told him that he would like to have a quart, and he asked him [Sim-

[Simmons v. The State.]

mons] [the defendant] the price, and he told him that it was a dollar and a quarter. And that he gave him $1.25, and he, defendant went off, and came back to the store, and he, Rains, went to the buggy, and got it out of the buggy."

It is well settled in this state that proof may be made of what was said in the presence and hearing of the accused, and of his acquiescence or silence, if the statement was of such a nature as to involve an accusation of guilt, and the circumstances such as would naturally call for a reply, and the accused party is in such a situation that he could and would probably or naturally respond.—*Campbell v. State,* 55 Ala. 80; *McAdory v. State,* 62 Ala. 154; *Garrett v. State,* 76 Ala. 18; *Williams v. State,* 81 Ala. 1, 1 South. 179; 60 Am. Rep. 133; *Kirby v. State,* 89 Ala. 63, 8 South. 110; *Avery v. State,* 124 Ala. 20, 27 South. 505; *Davis v. State,* 131 Ala. 10, 31 South. 569; *Powell v. State,* 5 Ala. App. 75, 59 South. 530.

The statement shown to have been made in this case was one naturally calling for a response from the defendant; it was, in effect, a challenge to him to assert his innocence if not guilty, and he was in a situation in which he would likely and probably respond to it. It is no objection to the admissibility of the evidence that the defendant was in custody at the time.—*Jones v. State,* 156 Ala. 175, 180, 47 South. 100; *Raymond v. State,* 154 Ala. 1, 45 South. 895; *Jackson v. State,* 167 Ala. 44, 52 South. 835. And the statement was shown to have been made in the presence of the defendant and to have been heard by the party having him in custody, and this is sufficient to show that the statement was made in the hearing of the defendant. "In the presence of" implies proximity within a distance sufficient to permit of hearing. The presence of a par-

ty may be assumed to indicate that he heard and under-stood.—2 Wigmore on Evidence, p. 1257, § 1072, subd. 2. The evidence showing the accusatory statement to have been made under circumstances naturally calling for a reply, and to have been made in the presence of the defendant, this evidence and the evidence of the conduct of the defendant in standing mute were proper-ly allowed to go before the jury that it might give to it such significance as in its discretion the jury deemed proper, and draw the proper inferences and determine the weight and effect, if any, to be accorded to such circumstances in passing upon the guilt or innocence of the accused.

No other errors are argued by counsel in brief, and a careful examination of the transcript fails to disclose any error that would warrant a reversal of the judgment appealed from.

Affirmed.