# Moore *v.* The State.

### Larceny.

(Decided August 1, 1916.   72 South. 596.)

1. **Evidence; Testimony of Accomplices.**—Under § 7897, Code 1907, a conviction for a felony cannot be had on the testimony of an accomplice unless such testimony is corroborated by other evidence tending to connect defendant with the offense.

2. **Same.**—Before the prohibition contained in § 7897, Code 1907, can be invoked in favor of a defendant it must clearly appear that the witness giving such testimony is an accomplice.

3. **Same.**—The fact that a witness is jointly indicted with defendant does not per se raise a presumption against the state that he is an accomplice, and his evidence may be used subject to proof as to whether or not he was an accomplice.

4. **Charge of Court; Directing Verdict.**—Where the only evidence connecting defendant with the offense was given by an alleged accomplice, the affirmative charge was properly refused unless it clearly appears that the witness was an accomplice.

5. **Same; Invading Jury's Province.**—If based on the fact of complicity, a charge instructing that the jury must believe a certain witness alleged to be an accomplice before the jury could convict, was properly refused as invasive of the province of the jury; and if not based on the fact of complicity it was properly refused as singling out the testimony of one witness as well as being misleading.

APPEAL from Autauga Circuit Court.
Heard before Hon. W. W. PEARSON.

Riley Moore was convicted of grand larceny and he appeals. Affirmed.

GUY RICE, for appellant.  W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—Appellant was jointly indicted with several others for grand larceny—the theft of two cows.  A severance was granted and appellant put upon his trial and convicted.

The state's testimony consisted of two witnesses, the owner of the cows and one Sam Baker, a person jointly indicted with appellant.  The tendency of the owner's testimony was to prove the value, identity, and theft of the cows, but not to connect appellant with the commission of the offense.  The owner did testify, however, that on one occasion appellant rode with him in his buggy and on that occasion had said that one Jack Sadler (a codefendant) "knew more about the cows than he had ever told;" and it may be that this statement had sufficient weight with the jury to justify an inference or belief in the guilty knowledge and perhaps the complicity of the appellant.  Appellant's commission of the theft was deposed to by Baker and was clear and positive.  Baker testified, in substance, that about midnight he heard a racket out in the lot and arose to ascertain the cause.  On going there, or near there, he discovered appellant and three other men, and saw them catch and "rope" two cows.  Appellant and the other men led the cows down into the swamp and he (Baker) followed at a distance and saw appellant kill the cows.  Appellant denied any knowledge or connection whatever with the matter.

(1, 2)  In this state of the evidence, it is contended that appellant was improperly convicted on the uncorroborated testimony of an accomplice.  A conviction for a felony, to be sure, cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense (Code, § 7897) ; but before this rule has any field of operation, it must first be shown that the witness was an accomplice, and if this is left in doubt or uncertain, it becomes a question for the jury under proper instructions from the court.  And, says Justice STONE, in *Ross' Case*, 74 Ala. 532 : "They [the jury] must be reasonably convinced he was such

accomplice before the statutory requirement comes into play."— *Childress v. State,* 86 Ala. 77, 5 South. 775; *Newsum v. State,* 10 Ala. App. 124, 65 South. 87.

The test of what constitutes an accomplice has been laid down by our Supreme Court in *Ash's Case,* 81 Ala. 76, 1 South. 558.

(3) The fact that Sam Baker was jointly indicted with appellant will not per se raise a presumption against the state that Baker was an accomplice. This is a matter of proof. The state had the right to avail itself of Baker's testimony, whether he was an accomplice or not; the effect, however, being that if the jury should be reasonably convinced from the evidence that he was an accomplice, a conviction of his codefendant in such event would not be authorized, unless his testimony was corroborated by other testimony tending to connect his codefendant with the commission of the offense.—*Newsum v. State, supra.*

(4, 5) The record discloses three written requests by appellant for charges which were refused. The first two of these requested the general affirmative charge, presumably on the theory that an accomplice's evidence had no corroboration tending to connect the defendant with the commission of the offense. It is obvious that these charges withdrawing the case from the consideration of the jury were properly refused. The third request to charge instructed the jury "that you must believe the evidence of Sam Baker, witness in this case, before you can convict the defendant." If this instruction was based on the assumption that Sam Baker was an accomplice, it was properly refused as an invasion of the province of the jury; if it was not, it was still faulty in that as there were several witnesses examined on both sides, it singled out the testimony of one; moreover, it was subject to the further criticism that the condition precedent to a conviction laid down was the belief of all the testimony of Sam Baker, irrespective, and was misleading. A charge similar, though stated conversely, is charge No. 1 in *Smith's Case,* 183 Ala. 10, 62 South. 864. The court there, in condemning the charge, observed that: "The jury might well have convicted defendant, although they may not have believed everything testified to by the witnesses for the state."

No reversible error appears in the record, and the judgment of the trial court must be affirmed.

Affirmed.