(109 So. 761)

## CABANISS v. CITY OF TUSCALOOSA. (6 Div. 912.)

(Court of Appeals of Alabama. June 15, 1926.
Rehearing Denied Aug. 31, 1926.)

### 1. Criminal law ☞407(2).

Inculpatory statements, made in presence of accused, and not denied, to be admissible, must be of character which naturally call for reply, and accused must be in situation where he would probably reply.

### 2. Criminal law ☞725—Defendant's attorney should not argue to jury that court could impose hard labor on defendant.

In prosecution for violation of prohibition ordinance, where defendant's attorney argued to jury that under ordinance court could impose hard labor on defendant, objection was properly sustained, since question of severity of punishment, as fixed by law, should not be considered by jury in weighing evidence and deciding guilt of defendant.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Oscar Cabaniss was convicted of violating a prohibition ordinance, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Cabaniss v. State, 109 So. 762.

Reuben H. Wright, of Tuscaloosa, for appellant.

Courts do not take judicial knowledge of municipal ordinances, and proof of due adoption is essential to their introduction in evidence. Case v. Mobile, 30 Ala. 538; Adler v. Martin, 179 Ala. 111, 59 So. 597; Code 1923, § 7687. Defendant's counsel should have been permitted to argue the matter of punishment to the jury. Cross v. State, 68 Ala. 476. Amendment of the complaint was improperly allowed. Code 1923, § 1954; Birmingham v. Brown, 13 Ala. App. 654, 69 So. 263. Incriminatory statements, made in

presence of defendant, should not have been received. Lawson and Swinney v. State, 20 Ala. 65, 56 Am. Dec. 182; Bob v. State, 32 Ala. 564; Fuller v. Dean, 31 Ala. 657. The trial court was without authority to impose an additional hard labor sentence upon defendant. Code 1923, § 1937; Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725.

S. H. Sprott, of Tuscaloosa, for appellee.

It was improper for defendant's counsel to argue to the jury that the court could impose labor upon defendant. Inge v. Murphy, 10 Ala. 885; Stoudenmeier v. Williamson, 29 Ala. 558; Treadaway v. State, 18 Ala. App. 409, 92 So. 529; Id., 207 Ala. 715, 92 So. 922; Jackson v. State, 2 Ala. App. 226, 57 So. 110. Prosecutions for violation of city ordinances are not barred in three years, in the absence of ordinance to that effect. Birmingham v. Brown, 195 Ala. 79, 70 So. 718. As to police jurisdiction, see Code 1923, §§ 1934, 1954. Declarations calling for a reply or denial are properly admitted in evidence. Jackson v. State, 167 Ala. 44, 52 So. 835. The trial court did have authority to impose additional punishment. Guin v. Tuscaloosa, ante, p. 61, 106 So. 64; Id., 213 Ala. 685, 106 So. 67.

BRICKEN, P. J. [1] There is no merit in the insistence that the alleged confessions of the defendant were improperly admitted, or in the contention that the court committed reversible error in admitting in evidence the alleged inculpatory statements made in the presence of the accused, and to which he vouchsafed no reply. As to the alleged confessions, the predicate for their introduction met every requirement of the rule and were sufficient. And, so far as the inculpatory statements made in the presence and hearing of defendant are concerned, there was no infraction of the rule applicable to evidence of this nature. The well-settled rule in relation to evidence of this kind is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond to it. Smith v. State, 16 Ala. App. 546, 79 So. 802; Green v. State, ante, p. 201, 106 So. 683, 685.

[2] In this case, as in all cases where the question of fact is involved, the jury were called upon to pass upon the guilt or innocence of the accused, and the question of the severity of the punishment and the extent thereof, as fixed by law, is not to be considered by the jury in weighing the evidence and in deciding upon the all important fact of the guilt or innocence of the defendant. The court therefore properly sustained the objections to the argument of appellant's counsel wherein he attempted to argue to the jury that under the ordinance the court

could impose hard labor upon the defendant. In Treadaway v. State, 18 Ala. App. 409, 92 So. 529, this court said:

"Counsel for defendant should not make use of the discretion of the court as fixed by law, as to punishment to be inflicted on conviction for crime, as an argument to the jury to justify any action they might consider just. The jury has its duty and the court likewise, the one not dependent upon the other."

The police jurisdiction of the city of Tuscaloosa includes, not only all the territory within the city limits proper, but also extends to the three miles additional territory immediately outside and adjoining the city limits. The insistences made by appellant to the contrary are wholly without merit.

Proper proof having been made for the introduction of the city ordinances, the court committed no error in admitting the ordinances in evidence. Nor was there error in the imposition by the court of the additional sentence of six months against the defendant.

There was ample evidence to support the verdict and to sustain the judgment. We find no error of a reversible nature in any of the rulings of the court.

The amendment to the complaint was properly allowed. Moreover, it is manifest that no injury resulted to defendant in this connection.

The judgment of the court and the sentence of defendant as shown by the record meet the full requirement of the law. The contention to the contrary is without merit and cannot be sustained.

The written charges were properly refused. The judgment appealed from will stand affirmed.

Affirmed.