(122 So. 461)

## TATE et al. v. STATE. (1 Div. 817.)

Court of Appeals of Alabama.   March 19, 1929.

Rehearing Denied April 9, 1929.

C. W. Tompkins and G. B. Dunning, both of Mobile, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.   The indictment originally contained three counts, but as there was no evidence to sustain count 3, this count was eliminated by the court ex mero motu.

The charge against these appellants was murder in the first degree, for having killed Patrick J. O'Shaughnessy by striking him with a stick, or with a piece of oak wood. The trial resulted in the conviction of both defendants of the offense of murder in the second degree, and the jury fixed their punishment at imprisonment in the penitentiary for ten years.

There was but slight conflict in the evidence, as the accused offered no testimony relating directly to the difficulty. The evidence tended to show that on the night of February 2, 1928, these defendants had a difficulty with deceased and, among other things, struck him upon the head with a piece of oak wood, or with a stick, and state witness Dr. C. L. Rutherford, who was admitted to be an expert, testified: "In my opinion the cause of the death of Patrick J. O'Shaughnessy was blood poisoning, septicemia, caused by laceration in the forehead that became infected. He had one laceration over the right forehead, through the scalp, all the way through the skin, about an inch, or inch and a half long, and several bruises over his head, the vertex and side of his head, that laceration

and those bruises could have been caused by his being struck on the head with this piece of wood. * * * 'When he entered the hospital the wound was already infected and he was running a temperature when he was admitted on February 5, 1928, and his condition got worse until he died." The evidence showed that O'Shaughnessy died on the 24th day of February, 1928.

The evidence given by witness Tim Watson tended to show ill feelings on the part of defendants towards deceased and threats uttered against him on the night of and a short time prior to the difficulty.

■ There was evidence of a confession by one of the defendants, and in this connection appellant insists that the court erred in not limiting this evidence to the defendant Burrell Tate. The alleged confession tended to connect both of the defendants with the commission of the offense complained of, and there was no error in any of the court's rulings here, for two reasons: (1) Acts and declarations of a third party are admissible if there is any evidence of a conspiracy between defendants. Hunter v. State, 112 Ala. 77, 21 So. 65. (2) The alleged incriminatory statement was made in the immediate presence and hearing of defendant J. B. Tate, and to which he made no reply. Testimony of this character is admissible, and the well-settled rule in relation to evidence of this nature is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond to it. As stated, defendant J. B. Tate did not respond, and there was nothing, so far as the record shows, in his situation, condition, or surroundings which made it improbable that he would respond; it therefore became relevant and admissible and was properly submitted to the jury for its consideration.

■ We gather from brief of appellant that one of the principal insistences was whether the blows inflicted by the defendants caused the death of O'Shaughnessy, or whether he died as a result of neglect or improper treatment of these wounds. This insistence cannot be sustained, as the general rule is the defendant cannot escape the penalties for an act which in point of fact produces death, because death might possibly have been averted by some possible mode of treatment. Where the wound is in itself dangerous to life, mere erroneous treatment of it, or of the wounded man suffering from it, will afford the defendant no protection in a charge of unlawful homicide. Lawman v. State, 18 Ala. App. 569, 93 So. 69. In Bowles v. State, 58 Ala. 335, the Supreme Court said: "Where death is caused by a dangerous wound, the person inflicting it is responsible for the consequences, though the deceased might have recovered with the exercise of more prudence and with better nurses."

■ We have carefully examined the several exceptions reserved to the court's rulings upon the admission of evidence. We discover no error in any of these rulings prejudicial to the substantial rights of the accused. To the contrary, we are impressed that throughout this entire trial the court was specially zealous to safeguard every legal right of the accused men. There was no conflict in the evidence which tended to show ill will and threats; no dispute about the difficulty having occurred, and none whatever that the deceased came to his death as a result of the blows inflicted by the defendants. The evidence adduced was ample to justify the jury, in their verdict, and under the law the jury must fix the punishment in all cases of homicide where conviction is had.

There is no phase of this case which entitled the defendants to the general affirmative charge; therefore charges A, B, D, E, were properly refused.

■ Refused charge 1 was wholly abstract under the evidence, and was properly refused.

■ Such of the remaining refused charges that properly stated the law were fairly and substantially covered by the court's oral charge and by the special charges given at request of defendants.

The record is regular in all things, and as no reversible error appears in any ruling of the court the judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.