(129 So. 97)

**JONES v. STATE.**

**2 Div. 448.**

Court of Appeals of Alabama.
June 17, 1930.

George O. Miller, of Livingston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appeal is from a judgment of conviction for the offense of unlawfully possessing a still to be used for the purpose of manufacturing or distilling prohibited liquors. The indictment contained but one count, and the jury returned a general verdict finding the defendant guilty as charged. Indeterminate term of imprisonment in the penitentiary as a punishment was duly imposed as the law requires.

There is but one insistence of error and in this connection we are asked to hold, as a matter of law, that the state failed to meet the necessary burden of proof under which it rested, and that the evidence was insufficient upon which to predicate the conviction of this appellant.

We have carefully considered all the evidence adduced upon the trial. The record discloses that this appellant and one Herman Smith were found by the several officers in close proximity to the still in question, which was in full operation at the time, with whisky running from the worm thereof, and several gallons of whisky in containers already distilled or manufactured. Two barrels containing mash and other usual and necessary paraphernalia were there, and all this is shown without dispute. Thus the corpus delicti is shown, and the admitted presence of this appellant at the still afforded an opportunity to commit the offense complained of. In addition to this, it is insisted by the state that in the presence and hearing of this accused the other man present, Herman Smith, stated to the officers that the still was in the possession of and belonged to this appellant, and that this appellant made no denial of this inculpatory accusation, but said nothing in response thereto. The rule applicable to this character of testimony is stated in the case of Steele v. State, 19 Ala. App. 598, 99 So. 745. In that case this court said: "Testimony of this character is admissible, and the well-settled rule in relation to evidence of this nature is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond to it." If an inculpatory statement is made against a person and in his presence and hearing, and such statement under the above rule is allowed to go unchallenged by the person affected, evidence of such statement is relevant and admissible, and it is proper to submit it to the jury for consideration. This the court did in this case, and in so doing committed no error. The appellant, defendant below, strenuously denied possession of the still. He admitted his presence at the still, but insisted that he happened to be there on his way to have some men cut wood for him, and that before he reached the still place he did not know the still was there. As to the statement made by Herman Smith which tended to incriminate him, he testified that he did not hear Smith state to the sheriff that the still was in possession of and owned by defendant. It therefore appears to this court that the evidence in this case presented a jury question, therefore we are without authority to declare otherwise. The

appellant was ably defended in the court below, and the insistences in his behalf on appeal are well presented. We are convinced that he was accorded a fair and impartial trial, and that the question of his guilt or innocence under the conflicting facts and tendencies was without error fairly submitted to the jury for determination.

Finding no error, the judgment of conviction from which this appeal was taken must be affirmed.

Affirmed.