(139 So. 833)

**VAUGHN v. STATE.**

**8 Div. 428.**

Court of Appeals of Alabama.

Feb. 16, 1932.

Taylor, Richardson & Sparkman, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The corpus delicti was fully proven by the undisputed evidence. This evidence disclosed that the store of J. M. Dutton, the alleged injured party, had been broken into and entered on the night in question, and that certain contents therein were stolen on that occasion. No question was involved as to time or venue.

The indictment charged this appellant, and one Joe Wheeler Loring, jointly, with the commission of the offense. Upon arraignment of the two defendants, the record shows that Loring interposed a plea of guilty as charged, and that this appellant pleaded not guilty, whereupon the trial proceeded upon the issue thus raised.

After the state had shown by its evidence, which, as stated, was without conflict, that the offense charged had been committed by some person or persons, it offered evidence which tended to show that on the night in question the two accused men were seen together by several parties in close proximity of the store and some time after 12 o'clock. This was undenied, and the evidence also shows they were together the next morning after the alleged burglary, and were both arrested at the home of this appellant.

Walter Jones, witness for the state, testified: "I know Louie Vaughn and Joe Wheeler Loring. I worked for J. M. Dutton at the time his store was broken into. The store was broken into by the front glass window being kicked out. I had a conversation with Joe Wheeler Loring in Louie Vaughn's presence. I did not make him any threats or offer him any reward or any inducement to get him to talk, nor did anyone in my presence. I asked if Joe broke into the store and he said yes. Louie Vaughn was there at the time and heard him talking to me, and I asked if they broke into the store, and they said they did; that Joe made the first lick on the window and that Louie Vaughn kicked it the next time and they went in and took the slot machine and broke it open with a hammer; said they both did it. He told me that in the presence of Louie Vaughn, and Louie didn't dispute it. The slot machine was broken up, and the checks and money had been run out. They took it back of the store and broke it open, and Joe Wheeler took the hammer that I used to open boxes with and prized it open. They told me they took it out the back door and broke it open and took the money out of it. This conversation was at the City Hall, in the police court before they went in the court room. Louie Vaughn was present when Joe Wheeler was doing the talking. He was present when the other man was talking right where he could see the other man and hear him. Louie and Joe Wheeler Loring were both under arrest and in the custody of the officers at the time of this statement by Joe Wheeler Loring that I testified about. Thereupon defendant moved to exclude the testimony as to a confession, which was overruled. The defendant then duly reserved an exception to the ruling of the Court."

The exception thus reserved was not well taken. The settled rule in this state is that silence of the accused in the face of accusation of crime partakes of the nature of a confession, and is admissible as a circumstance to show guilt, where the statement (as here) is of such character as would naturally call for a reply, and if the accused is in a situation in which he could properly respond. In Raymond v. State, 154 Ala. 1, 45 So. 895, 896, the Supreme Court said: "It is undoubtedly the law that the silence of the defendant is not competent evidence against him, as an admission of the truthfulness of a statement of another made to him or in his presence, unless the statement was of such a character as to call for a reply by him; and it must also appear that the accusing statement, made to him or in his presence, was under such circumstances that he had a right to deny the truthfulness of the charge made against him. But the fact alone that defendant was under arrest at the time the incriminating statement was made calling for his denial does not, in this jurisdiction, render the implication of guilt from his silence inadmissible as evidence. His failure to speak, in denial of the truthfulness of the accusation or of a statement involving an accusation of guilt, is in the nature of a confession; and this court has uniformly held that the mere fact that the accused is under arrest at the time of his making a confession does not render it inadmissible."

We think, and so hold, that the foregoing quoted testimony made a case for the jury; hence the motion of defendant to exclude the evidence at close of the state's case was properly overruled. Moreover, the defendant offered as his witness the admitted accomplice, Loring, who testified: "Louie Vaughn (appellant) was with me when I broke into Mr. Dutton's store, but he wasn't when I broke into the other. He went in Dutton's store with me, but [got] scared and left."

The testimony of Loring, the accomplice, which was direct and certain as to the guilty participation of this appellant in the commission of the crime complained of, standing

alone, would not be sufficient to sustain a conviction, for the law in this state expressly provides that "a conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. * * * "Section 5635, Code 1923. In this case, there is evidence tending to connect the defendant with the commission other than that of the admitted accomplice. Hence the rule of evidence, supra, has been met, and, as no error occurred pending the trial, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.