164 So. 112

## TATE v. STATE.

### 6 Div. 756.

Court of Appeals of Alabama.
June 28, 1935.

Rehearing Denied Aug. 27, 1935.

See, also, ante, p. 278, 158 So. 331.

Busby, Proctor & Carlton, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., Jas. L. Screws, Asst. Atty. Gen., and Geo. Ross, of Bessemer, for the State.

RICE, Judge.

This is a prosecution under the provisions of Code 1923, § 3886. The indictment is in the words prescribed by Code 1923, § 3887—for a prosecution under the said section 3886.

■ The bill of exceptions (though made up in violation of well-known rules) will not be stricken, on the authority of Pres Hardwick et al. v. State, ante, p. 536, 164 So. 107.

The single count of the indictment in its pertinent part reads as follows: "* * * L. C. Tate * * * willfully set off or exploded dynamite or other explosive *in* or *under* the dwelling house of C. L. Bransford, in which there was at the time a human being." (Italics ours.)

The testimony on the part of the state's witnesses tended to show that appellant, with others (all of whom were employees of the Republic Steel Corporation, out on "strike," at the time), shortly after midnight on the night of August 23, 1934, rode by the home of C. L. Bransford, the assistant to the vice president of the Republic Steel Corporation, and threw a bomb, composed of sticks of dynamite bound together, into the front yard of Mr. Bransford's home, where said bomb exploded some 6 or 7 feet from the sidewalk in front of the Bransford dwelling house, but some 40 or 50 feet from the same—in which were Bransford and his family at the time.

Appellant was convicted, not of an *attempt* to commit the offense charged in the indictment—as he well might have been, under the evidence (see Code 1923, § 3307)—but of the said *offense*.

The decisive question in the case is: "Was there testimony tending to support the charge of which appellant was convicted?"

Capable counsel representing the state and the defendant (appellant) have filed excellent briefs here containing fairly good theses—from their respective viewpoints—on the proper method by which to construe the provisions of Code 1923, § 3886, above, as related to the evidence in this case. But we shall undertake to answer the argument of neither of them. We will, rather, let the Supreme Court of our state reply to both of them—as we shall quote below.

In the opinion written by the late Mr. Justice Sayre for the Supreme Court, in answer to our inquiry, in the case of Garrison, Probate Judge, v. Sumners, 223 Ala. 17, 134 So. 675, 676, the following here applicable language appears, to wit: "The statute in question belongs to the criminal law. It is a fundamental rule of construction that penal statutes must

be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. 36 Cyc. 1184. On the other hand, such statutes are not to be extended by construction. Gunter v. Leckey, 30 Ala. 591. In Huffman v. State, 29 Ala. [40] 44, quoted in Walton v. State, 62 Ala. [197] 199, this court said: 'While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, *when its words are broad enough to embrace such case*.' " (Italics ours.)

 Conforming, in our labors, to the rule just quoted, which, as above indicated, is in all respects controlling here (Code 1923, § 7318), we are unable to see how it can be maintained that a bomb exploding, or set off, a distance of 40 feet from an ordinary dwelling house (raised only a reasonable distance—some 4 or 6 feet—from the surface of the earth), on the face of the yard surrounding same, can be said to be "exploded or set off" *in or under* said dwelling house.

The words "in or under," or "in" and "under," have been construed numerous times by the courts. But, after examining the decisions as collected in Words and Phrases Judicially Defined, First, Second, Third, and Fourth Series, we do not see that, anywhere, the ordinary meaning of these words as given in Webster's New International Dictionary has been materially changed by judicial construction.

We shall enter on no treatise on the subject.

True, we doubt that we would hold that to be "under" the dwelling house the bomb would have to be, to fall within the proscription of the statute, exploded or set off *directly, mathematically*, or *perpendicularly, beneath* the house. If the house was raised, say 40 feet, at its bottom floor, in the air, and the bomb was exploded or set off, say 4 or 6 feet outside, at the base, of the downward extension of the perpendicular line paralleling the *outside wall* of the house, we would, doubtless, under the rule of the Garrison Case hereinabove quoted, hold that the bomb was "exploded or set off" *under* the house.

Or, if the bomb had been tossed upon the *roof* of the house, and there "exploded or set off," we would perhaps say that *that* came within the term "in" as used in the statute.

But under the facts shown to exist (or which the testimony tended to *show* existed) here, we are clear to the conclusion that the bomb was "exploded or set off" neither *in* nor *under* the house.

Since the appellant, as before noted, might well, under the testimony, have been convicted, under *this* indictment, of an *attempt* to commit the offense charged, we would not say that it was error to refuse his requested charge to the jury that "they should acquit the defendant."

But the state asked, and the trial court gave to the jury, a written charge, which we have lettered "A," on page 6 of the transcript, in the following language, to wit: "A. I charge you gentlemen of the Jury, that if you believe from the evidence beyond a reasonable doubt that the defendant willfully set off or exploded dynamite or other explosive or conspired with others to do so, sufficiently close to the dwelling house of C. L. Bransford and there was a human being there in on the occasion complained of and as alleged in the indictment, to do violence to the dwelling house or occupants thereof that this would be a violation of the statute upon which this prosecution is based."

The giving of this charge, in view of what we have said hereinabove, was error for which the judgment of conviction must be reversed and the cause remanded.

And it is so ordered.

Reversed and remanded.