164 So. 107

**HARDWICK et al. v. STATE.**

**6 Div. 735.**

Court of Appeals of Alabama.

June 28, 1935.

Rehearing Denied Aug. 27, 1935.

A. A. Carmichael, Atty. Gen., James L. Screws, Asst. Atty. Gen., and George Ross, of Bessemer, for the State.

Busby, Proctor & Carlton, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellants.

SAMFORD, Judge.

Motion is made to strike the bill of exceptions on ten grounds, as follows:

"1. Because said Bill of Exceptions was not presented to the Judge approving the same within the time required by law.

"2. Because there is nothing appearing of record to show that a filing of this Bill of Exceptions with the Clerk was authorized under the law.

"3. Notwithstanding the fact that the trial judge was out of the county, there was. nothing filed with the clerk at the time the same was presented to him that the trial judge was sick or out of the county where the cause was tried or for .any other cause.

"4. Because in the absence of a showing as set forth in section 6438 (1) of the Code of 1928 the Clerk was not authorized to mark said Bill of Exceptions filed.

"5. Because said Bill of Exceptions is not approved by any lawful Judge of the 10th Judicial Circuit, the Circuit in which the case was tried.

"6. Because the Court judicially knows that H. P. Heflin was not one of the Circuit Judges of the 10th Judicial Circuit on the date said Bill of Exceptions was signed by him as being approved.

"7. Because the signing of said Bill of Exceptions does not comply with section 6438 (4) of the Code of 1928.

"8. Because the Act of the Legislature of 1927, pages 213 and 214 attempting to grant power to a judge that has resigned or his term of office expired or removed from office is unconstitutional and void.

"9. Because there has been no legal presentation of the Bill of Exceptions.

"10. Because the Bill of Exceptions is in question and answer rather than narrative form in violation of section 6438, ·Code of 1923, and Circuit Court Rule 32."

The bill of exceptions was prepared and filed with the clerk of the court trying the cases on February 8, 1935, within ninety days from the judgments entered. Section 6433 of the Code provides that: "Bills of exceptions may be presented to the judge or clerk at any time within ninety days from the day on which the judgment is entered, and not afterwards. * * * When the bill of exceptions is presented to the clerk,·it shall be his duty forthwith to deliver or forward it to the judge." There has been some confusion as to the proper presentation of a bill of exception under former statutes, but under the statute as it now is a proper *presentation* is made either to the judge or the clerk of the court. When presented to the clerk, he must indorse thereon the true date of presentation, and it thereupon becomes the duty of the clerk to forthwith deliver or forward it to the judge. Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305.

The action to be taken under section 6436 of the Code, which must be taken in pari materia with section 6433, is preliminary to and as a predicate to an application to having the bill established before a judge of the appellate court.

The foregoing disposes of grounds 1, 2, 3, and 4 of the State's motion.

While the bill of exceptions is not prepared in strict compliance with the requirements of section 6438, subd. 1, of the Code of 1923, the violation is not so flagrant as to require us in this case to enforce the penalty authorized by section 6438, subd. 5, Code, supra.

The bill of exceptions was signed, within the time allowed by law, by H. P. Heflin, the judge who presided at the trial of the case, but whose term of office had expired before he signed the same. The point is now made that H. P. Heflin had no authority to sign the bill of exceptions after the expiration of the term of office and that the act of the Legislature of 1927 (Gen. Acts 1927, pp. 213 and 214), and now incorporated in Michie's Code of Ala. Laws 1928 as sections 6438 (1), 6438 (2), 6438 (3), 6438 (4) and 6438 (5), is void as being in violation of the Constitution of 1901.

The act above cited undoubtedly gives to Judge Heflin the right and makes it his duty to settle and sign bills of exceptions in cases tried before him,· before the expiration of his term of office, provided the bills are prepared and presented as required by law.

540

The Attorney General simply asserts in his motion and brief that the act in question is in violation of the Constitution of 1901, but no specific section of the Constitution is cited or invoked. The purpose of a bill of exceptions is to present to the appellate court a true and clear statement of the questions presented during the trial of the case, and we know of no inhibition in the Constitution that would prevent the Legislature from providing that the judge who presided at the trial should certify to the correctness of the questions stated, and that's all a bill of exceptions is. The motion to strike is overruled.

There were four defendants and sixteen indictments and by agreement in open court the entire sixteen cases were to be tried jointly. There were 58 jurors summoned and impaneled for the criminal division of the court, but when these cases were called for trial and the jury was to be selected 12 jurors were engaged in the trial of a misdemeanor case and 12 jurors had been transferred to another division of the court and were engaged in the trial of a quasi criminal case, thereby reducing the panel to 34. The defendants were furnished a list of these 34 jurors and required to strike in accordance with section 8642 of the Code of 1923. The panel from which defendants were required to strike not having been reduced below the number required by law, there was no error in the ruling of the court overruling defendants' objection to being required to strike from a panel of 34 jurors. No possible injury to defendants could arise from such a ruling in the absence of fraud or undue prejudice on the part of the jurors, which is not claimed, but in any event a defendant is not entitled to draw a juror who is engaged in the trial of another case. Prater v. State, 107 Ala. 26, 18 So. 238; Dorsey v. State, 107 Ala. 157, 18 So. 199; Conn v. State, 19 Ala. App. 209, 96 So. 640; Mullins v. State, 24 Ala. App. 78, 130 So. 527.

The indictments charge the defendants with having willfully set off or exploded dynamite or other explosive in or under the store of Hill Grocery Company, Inc., a corporation, which with the property therein contained was of the value of $500 or more. In some of the cases the evidence failed to establish a completed crime as charged, but did tend to prove an attempt to commit the crime charged, and under the charge of the court verdicts were rendered convicting these defendants of attempts under the indictments charging the major crime. This was permissible and in accord with section 3307, Code 1923.

When the witness Looney was being examined by the state, he testified to and fixed the time of an explosion in the store of Hill Grocery Company at or about June 1st. During the examination of this witness it developed that there were two bombs thrown into the store of the Hill Grocery Company, one of which exploded doing damage and one where the fuse had been lighted and gave out. Looney first testified to the bomb which exploded, and there was a misunderstanding between the lawyers for the state and defendants and the court as to what the witness had really testified to. Thereupon on motion of the state the court ruled: "I will tell you, gentlemen of the jury, not to consider any other testimony of this witness, Mr. Matt Looney; just wipe it out of your minds and not consider anything he has said about this case up to this time. They will proceed now to examine him anew. And you will not consider the remarks of counsel, the Solicitor or any of the other lawyers in this case. Just wipe out his testimony and let them start anew, and be governed by his evidence, the other evidence in the case, his evidence that he gives from now on, and just not consider the other evidence he has already given." This was what the court should have done in order to prevent any confusion in the minds of the jury. It was not a question of allowing a witness to change his testimony on the stand, but of allowing the witness to testify to another act relating to the indictment in the pending case.

The predicate for a confession by the defendants Oswell and Tate was properly laid as having been made in the presence of several parties including a court reporter, who qualified as an expert and who took down in shorthand and transcribed the confessions. The transcript after having been identified and testified to as to its correctness was read to the jury. The objections went to the whole testimony, and a part of it being relevant and legal, the general objections were properly overruled.

After the reading of the confessions had proceeded for some time, the defendant objected to a particular part

then being read and relating to some other crime. This objection was sustained. The court then said: "I will tell the jury not to consider anything that is not connected with the bombing of these stores, the stores that are alleged to have been bombed, in the indictment. You will not let any of that other stuff in there have any weight with you at all or prejudice you at all. You might in a general way have made that objection, but you sat here and let them read all that stuff about bombing the residences, without any objection; and now I am trying to repair any wrong that has been done you, if there has been any. I think this is a sensible jury, and I am telling them not to consider that against them at all. If you strike anything you want me to rule on, call my attention to it before you get it to the jury. All I can do now is tell the jury not to consider it." The court further again stated: "I want to tell you again not to consider anything that has been read to you that doesn't refer to the Hill Store bombing." And the court then by further instruction limited the confessions made by Oswell and Tate to them.

In these various rulings of the court there is no reversible error, but they evince a care on the part of the trial judge to see that these defendants were tried fairly and according to law.

■ There was evidence tending to show that in the presence and hearing of defendants Hardwick and Williams, Oswald made a statement implicating both Hardwick and Williams in all of the crimes charged in these indictments and a detailed statement was made as to the part taken by Hardwick and Williams in the commission of each crime charged. They were each given an opportunity to deny the accusation and each refused to say anything. This accusation naturally called for a reply, and in addition others present asked these defendants if the statement was true and they stood mute. The evidence was admissible to be considered along with the other evidence in the case, in determining the guilt or innocence of these defendants. Jones v. State, 23 Ala. App. 546, 129 So. 97; Vaughn v. State, 24 Ala. App. 604, 139 So. 833; Cabaniss v. City of Tuscaloosa, 21 Ala. App. 507, 109 So. 761; Tate v. State, 23 Ala. App. 122, 122 So. 461.

Nor, does the fact that the defendants were in custody at the time the accusations were made render such evidence inadmissible. As a matter of fact in this case the statements were clearly made, heard and understood by the defendants and they were each given an opportunity to deny them if they had not been true and if they had not been true there was no earthly reason for the defendants' silence. Simmons v. State, 7 Ala. App. 107, 61 So. 466.

■ The bill of exceptions does not purport to set out all of the evidence in the case. In the absence of such a statement this court presumes that there was sufficient evidence to sustain the verdicts and the rulings of the court on refused charges. 2 Alabama & Southern Digest, Appeal and Error, ☞696(1) and (2).

Relative to the statements and confessions of defendants Oswell and Tate, there is a vast amount of irrelevant matter in the transcript. Page after page of argument of counsel and colloquies with the court which has no place in the bill of exceptions and when it comes to the statements of Oswell and Tate there is page after page of questions and answers just as they were taken by the stenographer, all of which is in violation of Circuit Court Rule 32 and subjects the appellants to certain penalties named in the rule, but which, for certain reasons, we have not applied. But this court will not search through this mass of matter in order to verify objections made in a general way to parts of the testimony appearing in the statements. Such objections were not pointed out specifically in the court below, nor have they been specifically pointed out here. Suffice it to say, if there was illegal and irrelevant matter appearing in the statements admitted they were not of such a nature as to injuriously affect defendants' rights.

The bill of exceptions fails to state that it contains all of the evidence, and therefore we are authorized to presume any state of facts necessary to sustain the rulings of the court on any question involving an insufficiency of the evidence. However, we feel impelled to say that there is abundant evidence set out in the bill of exceptions, as it appears, to support every ruling made by the court on such questions.

We find no reversible error in the record, and the judgments are each separately affirmed.

Affirmed.

## On Rehearing.

Appellant now insists that the indictments in these cases are vitally defective in that they fail to follow in haec verba the form prescribed by section 3889 of the Code of 1923. It will be observed that the statutory form, supra, is not exclusive and does not apply to that part of the statute under which these defendants were convicted, to wit, a store, which with the property therein contained was of the value of $500 or more. This constitutes a complete offense under the statute and is properly charged in the indictment. The construction of the statute contended for by appellants would be "reductio ad absurdum." Moreover, there is no ground of demurrer specifically raising this point.

As to the contention now made that the indictment should have alleged the date of the crime so as to show its commission after the amended statute of March 9, 1931 (Gen. Acts 1931, p. 204), this exact question is settled adversely to appellants in Bryan v. State, 18 Ala. App. 199, 89 So. 894.

We deem it unnecessary to further discuss questions argued in appellants' excellent brief on rehearing, as the same have been sufficiently passed on in the original opinion.

The application is overruled.

Opinion extended. Application overruled.