2 So.2d 327

MARSH v. STATE.

1 Div. 381.

Court of Appeals of Alabama.

May 13, 1941.

Bart B. Chamberlain, Jr., of Mobile, for appellant.

[1] Ante, p. 115.   [2] 241 Ala. 245.

---

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

PER CURIAM.

The judgment of conviction from which this appeal was taken is reversed and the cause remanded.

The foregoing order and judgment of this court could well be rested upon our recent case of John Arnold v. State, 2 So.2d 316,[1] certiorari denied by Supreme Court on April 17th, 1941, 2 So.2d 319,[2] the controlling points of decision in each of these cases being of the same import.

In the instant case, however, we are clear to the opinion there was further error in the action of the trial court in overruling the timely objection to the argument of the solicitor to the jury, wherein he stated, "I submit to you that if a fine is put upon him (defendant) he will not be called upon to pay it. I want to submit this to you from what you have seen and heard from the gentlemen on the stand,—the fine will be paid all right, whether it is $25.00 or $500.00."

The above statement was highly improper, and the trial court should have so ruled. The following authorities are conclusive as to this question. Bodine v. State, 18 Ala.App. 514, 93 So. 264, 267. In the Bodine case, supra, this court said:

"In his argument to the jury the solicitor stated:

" 'You should not let this defendant off with a fine; putting a fine on defendant in this case means putting a fine on his father; his father will pay it and it will be no punishment to him.'

"Court overruled defendant's objection to this portion of the argument of the solicitor, and denied the motion to exclude it from the consideration of the jury, and to these rulings the defendant excepted. In making this unauthorized statement the solicitor transcended the bounds of legitimate argument. The law placed the responsibility upon the jury to determine from all the evidence in the case, and from the law as given by the court, whether the defendant should be convicted of the felony as charged in the indictment, or of a misdemeanor comprehended in the greater charge, and no such consideration as the one here urged should influence the jury in their deliberations in this respect. This argument had the tendency to prejudice the jury. It was a statement of an unauthorized fact 'that the father would pay it,' and such an argument has no place in a case of this sort, and should not be permitted, as this matter could not enter into the deliberation of the jury in determining the degree of guilt of the defendant. In other words:

" 'No such considerations should influence the jury in the exercise of a discretion the law reposes in them as to the degree and extent of the punishment.' "

Of like import are the following authorities: Beard v. State, 19 Ala.App. 102, 95 So. 333; Plyler v. State, 21 Ala. App. 320, 108 So. 83; Whitfield v. State, 21 Ala.App. 490, 109 So. 524; Cabaniss v. City of Tuscaloosa, 21 Ala.App. 507, 109 So. 761; Piano v. State, 161 Ala. 88, 92, 49 So. 803; Grimes v. State, 105 Ala. 86, 90, 17 So. 184.

Further discussion need not be indulged.

Reversed and remanded.

---

[1] Ante, p. 115.

[2] 241 Ala. 245.