34 So.2d 707

## DUKES v. STATE.

### 4 Div. 47.

Court of Appeals of Alabama.

April 6, 1948.

. E. O. Baldwin, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant and W. Dewey Pickron were jointly indicted under two counts of the indictment for grand larceny and receiving stolen property. The property involved was nine hogs. There was a severance granted, and the appellant was·tried and found guilty as charged.

The trial judge overruled a few objections to questions propounded to the ac-·cused while he was being examined on cross examination. Each of these inquiries related to matters that did not extend outside the bounds of legitimate cross examination, and clearly the court did not abuse his discretion in permitting the answers thereto. Sov. Camp, W.O.W. v. Davis, 242 Ala. 235, 5 So.2d 480; Peterson v. State, 32 Ala.App. 439, 27 So.2d 27.

The main insistence in appellant's brief, and in fact the prime question presented for our review is the action of the court below in denying the general affirmative charge in appellant's behalf. This' position is posed on the theory that the coindictee was an accomplice in the commission of the alleged offense and his testimony was not sufficiently corroborated. Title 15, Sec. 307, Code 1940.

In approaching the question it is fitting to observe that the coindictee was not an admitted accomplice. The fact that he was indicted for the same offense as that of the appellant did not per se raise a presumption of his complicity in the crime. Moore v. State, 15 Ala.App. 152, 72 So. 596.

This inquiry was based on a disputed factual issue which addressed itself to the jury for its determination. Childress v. State, 86 Ala. 77, 5 So. 775; Ross v. State, 74 Ala. 532.

Assuming that the jury did conclude that the coindictee was an accomplice, we are free to state that there was abundant evidence to corroborate his testimony.

Dewey Pickron was employed at the time by the appellant and was staying with Mrs. Sallie Jackson. The lady testified that the defendant came to her house on the night she afterwards learned was the time the hogs were stolen and Pickron and the appellant left together.

The hogs were taken from a field or pasture and loaded in defendant's trailer or car. The accused admitted that he assisted in the venture, but claimed that he was employed by the coindictee to haul the hogs.

A Mr. Farris testified that the swine were brought to his home about 8:30 in the morning in a trailer. In the car were the defendant and his wife and Pickron. Mr. Farris stated that he bought the hogs from Pickron and paid him $20 therefor. Pickron claimed that the appellant sold the hogs and received the $20 and from the amount he (Pickron) got $10 for his services.

After it was discovered that the property was missing, an officer went to the home of the appellant and, according to the testimony of the investigator, the former denied having any knowledge of the occurrences relating to the theft of the hogs. It was Pickron who furnished the information which led to a recovery.

It is clearly evident that the defendant was not due the general affirmative charge. Allen v. State, 32 Ala.App. 570, 28 So.2d 420; Vaughn v. State, 24 Ala.App. 604, 139 So. 833.

There is no error in the record upon which a reversal should be predicated.

The judgment of the court below is ordered affirmed.

Affirmed.