51 So.2d 905

## WELCH v. STATE.
### 2 Div. 812.

Court of Appeals of Alabama.

April 10, 1951.

John W. Drinkard, of Linden, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

644

CARR, Presiding Judge.

On an indictment charging murder in the first degree, the accused was convicted of the charge of manslaughter in the first degree.

When the evidence for the State had concluded, the defendant made a motion to exclude all the evidence. Wallace v. State, 16 Ala.App. 85, 75 So. 633; Hendricks v. State, 34 Ala.App. 502, 41 So.2d 420. Exceptions were duly reserved to the action of the court in denying the motion.

The sufficiency of the evidence is also raised by a request for the general affirmative charge and a motion for a new trial.

To some extent the evidence to support the conviction is circumstantial.

It appears that the appellant and George Baker went to the home of Morris Scott, the deceased, about three or four o'clock A.M. Apparently the purpose of the visit was to get some whiskey. Scott left the two indicated men and soon returned with a jug of whiskey. At this time the deceased began cursing and the appellant took him to task for his conduct. The former, unarmed, left the room and went into an adjoining, side room and was immediately followed by the defendant. The latter carried a twenty gauge shotgun. Forthwith Baker heard, but did not see, the report of the gun. Just after the shot the appellant exclaimed, "God damn, I got him the first shot."

Both Baker and the appellant promptly left the home and the premises.

The evidence we have thus far delineated was given by Baker.

The report of the gun awakened the wife and daughter of the deceased. They saw Baker and the appellant before their departure. According to the testimony of the wife, both of these men had shotguns before they left the inside of the house.

Neither the wife nor the daughter went into the side room before the undertaker arrived. The undertaker found Scott dead and lying across a bed with his feet on the floor. A shotgun wound, with powder burns appearing, was observed on the left side of the dead body.

Baker was also indicted for the homicide and stood for trial at the time of the conviction of the appellant.

It is evident that the State relied primarily for a conviction on the evidence of Baker.

The statute provides that a person cannot be convicted for a felony on the uncorroborated testimony of an accomplice. Title 15, Sec. 307, Code 1940.

█ Of course, before this doctrine has application, it must appear that the witness in question was an accomplice. The mere fact that Baker was indicted for the same offense did not make him an accomplice per se. Moore v. State, 15 Ala. App. 152, 72 So. 596; Dukes v. State, 33 Ala.App. 474, 34 So.2d 707.

█ The application of these rules makes it evincingly clear that the court was not in error in overruling the motion to exclude the evidence. By the same token the general affirmative charge was properly refused.

We do not wish to be understood as holding that there was not other evidence which tended to corroborate that of Baker.

There are no prejudicial errors in any of the court's rulings incident to the introduction of the evidence. These rulings relate to well recognized principles of law.

We are not authorized under the evidence to declare error in the action of the court in denying the motion for a new trial.

The judgment of the court below is ordered affirmed.

Affirmed.