73 So.2d 573

## STEEL v. STATE.

### 7 Div. 314.

Court of Appeals of Alabama.

June 22, 1954.

Keener & Keener, Centre, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for the offense denounced by Title 29, Sec. 187, Code 1940.

The sheriff stopped the appellant and his brother, Hugh Steel, about two A.M. while the two were riding along the highway in an automobile. The defendant was driving. He was forthwith carried to the county jail, and his car was driven to Cedar Bluff, Alabama, not a great distance away. Hugh was a cripple and also drunk, so the sheriff left him in the automobile. About five hours later the sheriff returned to Cedar Bluff and found that Hugh had driven the car into the front of a store. A key to the trunk of the automobile was not available, so the officer forced open the compartment and found therein twenty-nine and one-half gallons of "moonshine whiskey."

The appellant admitted the ownership of the car and that he was driving at the time of his arrest, but he disclaimed any knowledge or ownership of the whiskey.

Hugh testified for the State and stated that on the afternoon just prior to the time of instant concern, the witness, the appellant, and the latter's wife and son left home and journeyed into the state of Georgia where they visited several beer drinking places. At Rome, Georgia, the defendant left the party with some male person and was gone about thirty minutes. They then proceeded homeward, and on the return trip the appellant stopped the car and got a half-gallon jug of whiskey from the trunk compartment and they all took a drink. It appears that Hugh passed out about this time or soon after, and did not wake up until the party reached the home of Mr. Barclay, the father of appellant's wife. Mrs. Steel and the son remained there. The defendant and Hugh proceeded in the direction of the latter's home. Before reaching their destination they were stopped by the sheriff as we have outlined herein above.

Hugh testified that he was in the car continuously from the time his brother was arrested until he ran the automobile into the store front. In fact, he stated that he lost his crutches and could not walk without them. He testified that he did not know there was any whiskey in the car trunk, except the half-gallon jug that the appellant removed therefrom on the journey from Rome, Georgia. He was indicted for transporting the whiskey.

The insistence is made by appellant's attorney that Hugh was an accomplice and his testimony was not sufficiently corrobo-

rated to meet the requirements of the rule. Title 15, Sec. 307, Code 1940.

It is urged that the defendant was due the general affirmative charge because without Hugh's testimony the evidence did not sustain the judgment of conviction.

 The fact that Hugh was indicted for the same offense did not of itself raise a presumption that he was an accomplice. In the state of the record, it was a jury question as to whether or not he was. The rule had no field of operation unless this question could be answered in the affirmative. The oral charge of the court was in line with the authorities in this aspect. Moore v. State, 15 Ala.App. 152, 72 So. 596; Snowden v. State, 27 Ala.App. 14, 165 So. 410; Dukes v. State, 33 Ala.App. 474, 34 So.2d 707; Welch v. State, 35 Ala. App. 643, 51 So.2d 905.

Even so, when the testimony of the sheriff is taken into account, we think that corroboration was sufficiently established.

It is not clearly disclosed by the record, but it appears that the appellant was arrested in the first instance for an offense other than transporting the whiskey. His attorney objected to the proof of the arrest on the ground that it related to another offense. The trial judge overruled the objections and denied a motion for a mistrial after the answer was made. The same question and proceeding came up several times. In each instance the judge gave specific instructions to the jury in reference thereto. The following is a fair sample:

"I don't understand it that way. I don't see why it would prejudice this case. (Addressing the Jury) If there is no connection with this case, if it is some other matter except the transporting—you have heard the indictment read—get it out of your minds."

Unquestionably the circumstances incident to the operation of the automobile and the arrest on the highway related to the res gestae of the charge of instant concern. The mere fact that the sheriff did not ascertain at the time whether or not there was whiskey in the car trunk did not render the evidence inadmissible. Under all the proof it became a jury question as to the defendant's guilt of transporting the whiskey, and all the evidence relating to the charge was properly admitted.

Written charges numbered 2 to 6, inclusive, are general affirmative instructions.

Refused charge numbered 7 was covered by the court's oral charge. Title 7, Sec. 273, Code 1940; Kelley v. State, 32 Ala. App. 408, 26 So.2d 633.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.