(79 South. 265)

BELSER et al. v. STATE.   (3 Div. 326.)

(Court of Appeals of Alabama.   June 4, 1918. Rehearing Denied June 29, 1918.)

1. LARCENY ⟷77(2) — INSTRUCTIONS — ABSTRACT INSTRUCTIONS—POSSESSION OF STOLEN PROPERTY.

In a prosecution for grand larceny, a requested instruction that possession of recently stolen property is a circumstance tending to prove that the possessor is the guilty agent, and that the burden of proof is on him to show that he honestly came into possession, was properly refused as being abstract.

2. LARCENY ⟷41—PROSECUTION—BURDEN OF PROOF — EXPLANATION OF POSSESSION OF STOLEN PROPERTY.

A charge that the burden of proof in a larceny prosecution is on the possessor of recently stolen property to satisfy the jury beyond a reasonable doubt that he honestly came into possession thereof does not state the true rule.

3. CRIMINAL LAW ⟷814(15)—ABSTRACT INSTRUCTION.

An instruction that if a witness aided or abetted defendants or either of them, the testimony of such witness should be corroborated by independent evidence sufficient to exclude the belief beyond a reasonable doubt, but that defendants were the guilty parties, was properly refused as being abstract.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. CRIMINAL LAW ⊙⟶507(3) — TESTIMONY OF ACCOMPLICE—ACCESSORY AFTER THE FACT—"SEPARATE OFFENSE."

The test of complicity of a witness in a larceny case under Code 1907, § 7897, requiring corroboration of an accomplice's testimony, is whether the witness could be indicted for the offense either as principal or accessory, if not, he is competent; section 6220 making an accessory after the fact a separate and distinct offense.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Separate Offense.]

Appeal from Circuit Court, Montgomery County; A. B. Foster, Judge.

Ed and Jim Belser were convicted of grand larceny, and they appeal. Affirmed.

The charge was the larceny of certain cows. The following is charge ———— refused to defendant:

The court charges the jury that possession of recently stolen property is a circumstance tending to prove that the possessor thereof is the guilty agent, and that the burden of proof is on him to satisfy the jury beyond a reasonable doubt that he came honestly into the possession of same.

Charge 1:

If the jury believe from the evidence that the witness R. A. Bedsole aided or abetted defendants or either of them in the commission of the offense, then the testimony of said witness should be corroborated by independent evidence, which independent evidence should be sufficient to exclude the belief beyond a reasonable doubt, but that defendants were the guilty parties, and unless so corroborated defendant should be acquitted.

Charge 2:

If the jury believe from the evidence that R. A. Bedsole did not occupy the legitimate relation of parent, child, brother, sister, husband, or wife of defendant, or either of them, and he knew that they, or either of them, had stolen the cows or either of them, and that he gave aid to them, or either of them, by declining to give their names when first questioned, with the intent for them, or either of them, to escape arrest, trial, conviction, or punishment, then and in that event he would be an accessory after the fact, and his testimony would have to be corroborated by independent evidence tending to connect defendant, or either of them, with the commission of the offense charged, and such corroborative evidence would have to be of such character as to exclude the belief beyond a reasonable doubt, but that defendants, or either of them, were the guilty agents before the jury would be authorized to convict them on the testimony of said Bedsole.

Mark D. Brainard, of Montgomery, for appellants. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. [1-4] No brief has come to the hands of the court. Charge ———— requested in writing by the defendant is abstract and does not assert the true rule as to the burden of proof. Charge 1 is entirely abstract. The correct proposition of law applicable to this case was fully and clearly stated in the oral charge of the court. Charge 2 does not state a correct proposition of law as applied to the testimony of accomplices as provided in section 7897, Code

1907. The test of complicity is: Could the witness be indicted for the offense either as principal or accessory? If not, he is competent. Bass v. State, 37 Ala. 469. An accessory after the fact is a separate and distinct offense, made so by section 6220 of the Code of 1907.

There is no error in the record, and the judgment is affirmed.

Affirmed.