165 So. 410

**SNOWDEN v. STATE.**

4 Div. 189.

Court of Appeals of Alabama.
Jan. 14, 1936.

Powell, Albritton & Albritton, of Andalusia, Simmons & Simmons, of Opp, and Wm. F. Thetford, of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Silas C. Garrett, III, Asst. Attys. Gen., for the State.

SAMFORD, Judge.

The injured party was one Butler, who on or about February 28th went to a house on the outskirts of Andalusia, riding in a model T Ford, for the avowed purpose of obtaining a drink of whisky. The house was occupied by a negro by the name of Ben Allen, who lived there with his wife and family. When Butler got to the house, he went in and found Snowden and a girl by the name of Willie Mae Dunlap who seemed to have been there for illicit purposes, and who were somewhat under the influence of whisky.

When Butler got to the house, he had on his person a purse in which were five $20 bills and one $5 bill. He also had a gold Elgin watch and a knife. He took a drink of whisky and then went with Snowden and the girl in his Ford car to a butcher pen some distance away, where Snowden hid a one-gallon jug of whisky after having poured a pint from the jug into a bottle and from which Butler took two or three drinks. From the butcher shop they went back to the house, Butler sat on a bench near the fire, was overcome from the whisky, and, to express it in his language, he "passed out," and from then on remembered nothing more until he found himself some distance down the road, his face and eyes bruised and bleeding, his model T Ford some distance away, and he "nearly frozen to death."

The state offered evidence by Ben Allen, the negro, and Willie Mae Dunlap, the girl, tending to prove that Snowden, upon being insulted and cursed by Butler, struck him several times in the face and robbed him of his watch and money.

Those present in the house at the time the robbery is alleged to have taken place were Butler, Ben Allen, Ben Allen's wife, Snowden, and Willie Mae Dunlap. Beside these, there was a boy, the son of Ben Allen, about eleven years old, who was in the yard and at times in the house, and at one time had in his possession the money taken from Butler.

There was evidence tending to prove that Ben Allen had participated in the crime during its commission, and, while there was no evidence tending to prove that Allen aided or abetted in the actual commission of the robbery, there was evidence tending to prove that he participated in the larceny of the money, subjecting him to a prosecution under the second count of the indictment, and therefore making him an accomplice whose testimony, uncorroborated, would not be sufficient upon which to rest a conviction.

There was not, however, any evidence justifying a prosecution of Willie Mae Dunlap either in the commission of the robbery, the larceny of the money, nor

receiving any part of the stolen property. True, she was present and saw what was going on, but there is no evidence in this record that she participated in any manner in either of the crimes charged in this indictment. While there is some evidence tending to impeach her testimony, if the jury believed what she said beyond a reasonable doubt, then they were justified in returning a verdict of guilt.

The fact that Willie Mae Dunlap was jointly indicted with the defendant will not per se even raise the presumption that she was an accomplice and her testimony may be used in the case subject to proof as to whether she was an accomplice or not. Moore v. State, 15 Ala.App. 152, 72 So. 596.

Section 5635 of the Code of 1923 provides that: "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense." The test as to whether a witness is an accomplice within the meaning of this section is, could he have been indicted and convicted of the offense charged, either as principal or as accessory, Belser v. State, 16 Ala. App. 504, 79 So. 265, and the mere presence of a witness at the scene of the crime, where she does nothing to aid or abet, is insufficient to show her to have been such accomplice as is contemplated by the statute. Gann v. State, 21 Ala.App. 347, 108 So. 269.

The burden of proving that Willie Mae Dunlap was an accomplice rests upon the defendant, who is undertaking to take advantage of that fact. 3 Wigmore on Evidence, par. 2060; Darden v. State, 12 Ala.App. 165, 68 So. 550. The evidence must be such as to reasonably convince the jury that the witness was an accomplice before the statute requiring corroboration comes into play. Horn v. State, 15 Ala. App. 213, 72 So. 768.

In the instant case, there is not sufficient evidence to warrant a jury in finding that the witness, Willie Mae Dunlap, was in any way connected with this crime in such sort as that a conviction would stand against her. Failing in this, the statute requiring corroboration of the testimony of an accomplice has no application.

Pretermitting a discussion of the other evidence in the case which does involve the other codefendant, we are clear to the conclusion that, under the facts as disclosed by this record, the court did not err in refusing to give, at the request of the defendant, the general affirmative charge.

The conversation between the witness Lena Bradley and the witness Ben Allen was res inter alios acta and therefore was inadmissible. The court did not err in its rulings on this question.

It is urgently insisted that the defendant is entitled to a new trial on the ground of newly discovered evidence. This evidence consisted of several notes written, or said to have been written, by Willie Mae Dunlap to the defendant after the trial and while they were both in jail. A careful reading of these notes impresses us, as it evidently did the trial judge who passed upon the question in the court below, that Willie Mae Dunlap, beginning to realize a long separation from her paramour, was using these notes as a medium by and through which she expected to again attract his attention. There is no such evidence of newly discovered facts disclosed by the notes which would authorize the setting aside of the verdict and judgment in this case. Giving to the judgment of the court the consideration to which it is entitled, we cannot see that the trial court erred in overruling the motion for a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.