272 So.2d 905

**Roosevelt TAYLOR, alias**

v.

**STATE.**

**3 Div. 182.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Wayne P. Turner, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

This is an appeal from a judgment of manslaughter in the first degree, which was embraced in an indictment for murder in the first degree. The jury fixed appellant's punishment at ten years in the penitentiary. Due to the fact that appellant was indigent, he was represented both on trial and on this appeal by court-appointed counsel.

State's witness Jimmy Lee Tucker testified that he was present when the defendant allegedly killed the deceased, Carl Lee Thompson, by cutting or stabbing him with a butcher knife. The defendant did not take the witness stand nor did he offer any evidence. He rested when the State rested.

It appears from the evidence of Tucker that a group of people had assembled at the Jazz Box on Holt Street in the City of Montgomery on the night of September 11, 1971, to engage in social contacts and frivolities in harmony with the name of the resort.

If we undertook to list the details leading up to a display of knives on this occasion outside the Jazz Box building and in possession of the persons milling around, some of them belligerent, we would burden this opinion without shedding much light on the issues raised by defendant's plea of not guilty. Suffice it to say the fracas in which the defendant was involved invited the display of such deadly weapons.

According to the evidence of the witness Tucker, appellant, an active participant in the fracas, had a butcher knife in his hands. He used the knife to inflict a deadly wound on the person of Carl Lee Thompson. There is nothing in this witness's evidence which tends to support a plea of self defense embraced in the plea of not guilty.

A toxicologist employed by the State Department of Toxicology, whose qualifications were admitted by defendant, testified that there were nineteen wounds and cuts on the body of the deceased. He further testified that a wound "located on the left side of the face below the ear revealed that they had penetrated and severed the left posterior corroted [sic] artery in this area." Further, he testified that in his opinion the death was "due to shock and hemorrhage associated with the cuts to the body and the principal one being the one that cut the major artery here on the side of the head."

The State introduced and the trial court admitted, over defendant's objection, two photographs of Thompson's body. The photographs were not gruesome. They tended to illustrate the location of the alleged knife wounds on the body, front and back, and were admissible for that they supported the toxicologist's testimony regarding the wounds or some of them. Middleton v. State, 47 Ala.App. 130, 251 So.2d 627. Likewise, the photographs of the dwelling house, although quite indistinct, were admissible. These pictures tended to shed light on the dwelling where deceased was slain. *Middleton,* supra.

Appellant here contends that the witness Tucker was an accomplice and that

his testimony was inadmissible for that reason. Tit. 15, § 307, Code of Alabama, 1940, Recompiled 1958. The evidence in this record fails to implicate the witness or to show that he was in any manner aided, abetted, or participated in an assault on the deceased. The witness was present but did not do anything which could label him an accomplice. The mere presence of Tucker at the scene of the homicide, without more, is insufficient to show him to have been an accomplice. Snowden v. State, 27 Ala. App. 14, 165 So. 410; Davis v. State, 257 Ala. 447, 59 So.2d 592. There was no error on the part of the trial court in refusing defendant's written charges D–1 and D–2, which directed a verdict for defendant.

█ Inasmuch as the jury convicted defendant of manslaughter in the first degree, the court's error, if any, in refusing defendant's written charges directing an acquittal of murder, assault with intent to murder and assault and battery was without injury to the defendant. Supreme Court Rule 45.

█ Defendant's written charges D–21 and D–22 relating to self defense were properly refused. Defendant did not testify; neither did he offer any evidence. He rested when the State rested. There was no evidence according to our view of the record that the defendant was acting in self defense when he struck the fatal blow.

█ Written charge D–23 for defendant was properly refused. It was adequately covered by the court's oral charge. Tit. 7, § 273, Code, supra. Charge D–24, although defective, was covered by the defendant's written charge D–25 which the court gave as well as by the oral charge. D–25 correctly says that the presumption of innocence is to be regarded as a matter of evidence. Neither the refused charge nor the court's oral charge contained such evidentiary statement. Guenther v. State, 282 Ala. 620, 213 So.2d 679. Refused

charge D–29 instructing the jury that they cannot convict if any individual juror is not convinced beyond a reasonable doubt of defendant's guilt was covered by given charge D–12. Tit. 7, § 273, Code, supra. The reporter will set out charges D–21, D–22, D–23, D–24, D–25, D–26, D–27 (also covered by the court's oral charge), and D–29.*

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

We find no error in the record prejudicial to defendant and justifying a reversal of the judgment. Hence, the judgment in this cause is affirmed.

Affirmed.

All the Judges concur.

## APPENDIX

D–21—The Court charges the jury that if the defendant was attempting to stop one of the decedent's assailants and, at that time, was attacked by the decedent and honestly believed that he was in imminent peril or liable to receive great bodily harm from the deceased, then I charge you that the defendant had a legal right to act and protect himself from such apparent peril or harm and the defendant cannot be guilty of murder or manslaughter even though he may have killed the decedent.

Refused, Emmet, Judge

D–22—The Court charges the jury that, the defendant having invoked the doctrine of self defense, the burden is upon the State to convince you beyond all reasonable doubt from the testimony that the defendant himself provoked the difficulty.

Refused, Emmet, Judge

D–23—The Court charges the jury that if, after considering all the evidence in this

* See Appendix.

case, you have a reasonable doubt as to whether the defendant killed the decedent, then you should acquit the defendant.

Refused, Emmet, Judge

D–24—The Court charges the jury that the innocence of the defendant is presumed until his guilt is established by the evidence and all the material aspects of the case beyond a reasonable doubt.

Refused, Emmet, Judge

D–25—The Court charges the jury that the defendant is presumed to be innocent and this presumption is to be regarded as a matter of evidence by the jury to the benefit of which the accused is entitled, and, as a matter of evidence, this presumption of innocence attends the defendant until his guilt is, by the evidence, proven beyond a reasonable doubt.

Given, Emmet, Judge

D–26—The Court charges the jury that at no time under the pleadings in this case does the burden of proof shift from the State of Alabama to satisfy the jury from all the evidence beyond a reasonable doubt that the Defendant is guilty, and if, upon all the evidence, the jury have a reasonable doubt of the defendant's guilt, they must acquit him.

Refused, Emmet, Judge

D–27—The Court charges the jury that if, upon considering the evidence, you have reasonable doubt about the guilt of the defendant, arising out of any part of the evidence, you must find the defendant not guilty.

Refused, Emmet, Judge

D–29—The Court charges the jury that if any individual juror is not convinced of the defendant's guilt beyond reasonable doubt, you cannot convict the defendant.

Refused, Emmet, Judge