282 So.2d 82

**Edward Lee MOSS**

v.

**STATE.**

**7 Div. 216.**

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

Burns, Carr, Shumaker & Davis, Centre, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was indicted February 29, 1972, for robbery. On March 24, 1972, he filed with the Circuit Court a petition requesting a speedy trial. This petition was accompanied by a conditional waiver of extradition. Appellant's cause was set for trial on October 11, 1972. Prior to the commencement of trial proceedings, appellant was heard in chambers (on October 11, 1972) on his motion to quash the indictment. Appellant's only evidence was a stipulation asserting the date of the indictment, the date of his petition for a speedy trial, the fact that he was incarcerated in the State of Georgia at the time the indictment was returned, and the fact that criminal cases were tried in Cherokee County Circuit Court during the week of April 3, 1972.

After the trial court denied appellant's motion to quash the indictment, he elected to plead guilty. The record discloses that the plea of guilty was taken in conformity with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

We are not in agreement with appellant's contention that the trial court erroneously denied his motion to quash the indictment. The delay was only slightly in excess of seven months. Moreover, since appellant's motion was predicated upon a denial of his Sixth Amendment right to a speedy trial, the burden necessarily rested

upon him to show that the delay in trial resulted in actual prejudice. Sellers v. State, 48 Ala.App. 178, 263 So.2d 156. See also, Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101. The record before us indicates no attempt by the appellant to sustain this burden.

The judgment below is hereby

Affirmed.

All the Judges concur.