344 So.2d 1230 (1977)
Myrtle HOSEY, alias
v.
STATE.
4 Div. 462.
Court of Criminal Appeals of Alabama.
January 4, 1977.
On Rehearing March 1, 1977.
Rehearing Denied March 29, 1977.
*1231 Samuel L. Adams, Adams & Bates, Dothan, for appellant.
William J. Baxley, Atty. Gen. and Ellis D. Hanan, Asst. Atty. Gen., for the State.
CLARK, Supernumerary Circuit Judge.
Appellant was convicted of arson in the first degree and sentenced to imprisonment for fifteen years.
At the close of the State's evidence, defendant moved to exclude the evidence on the ground that the ownership of the property had not been proved as charged in the indictment. Appellant now urges as error the action of the trial court in overruling the motion. The indictment charged defendant with "the burning of an uninhabited dwelling house, the property of another, to wit: Felton Hosey." Felton Hosey was her husband of many years at the time of trial. Appellant has apparently overlooked some of the testimony in the case. One of the first witnesses testified as follows:
"Q Did you know Mrs. Hosey back in May of 1975?
"A Yes, sir. I did.
"Q Do you recall when Felton Hosey's house over on South St. Andrews burned?
"A Yes, sir. I do."
Thereafter there was lengthy testimony of the witness with reference to the house that was burned, as identified by him in the quoted testimony. Furthermore, before the State closed its case, there was testimony by an insurance adjuster who referred to insurance on the house in the name of Felton Hosey, whose testimony as to various details of transactions relative to the insurance furnished a basis for a reasonable inference that the house was the property of Felton Hosey, as alleged.
Code of Alabama, Tit. 14, § 29 provides:
"Any person who wilfully sets fire to or burns the property of his wife or her husband, or of his landlord, without the express consent of the owner, to burn such property, shall be guilty of arson in the same manner and to the same degree, and shall be punished in the same manner and in the degree as if the relation of husband and wife or landlord and tenant did not exist."
Prior to the Code of 1907, which first contained the law just stated, a wife in possession of property owned by her husband could not be convicted of arson thereof. By adopting the Code of 1907, the legislature removed a defense which the named persons were, under the law, previously authorized to make to indictments charging them with arson. Williams v. State, 177 Ala. 34, 58 So. 921; Williams v. State, 4 Ala.App. 92, 58 So. 925.
Quinton Johnson was the chief witness against defendant. He testified that he himself burned the house at the direction of defendant, who promised to pay him therefor and who did in fact pay him five hundred and eighty dollars after he committed the crime. He testified that she promised to pay him six hundred dollars. He testified that a short while before he set fire to the house the defendant handed Mrs. Johnson twenty dollars with which to buy some cigarettes. Mrs. Johnson kept the change after returning from the store to buy the cigarettes. At the time of the purchase of the cigarettes, the defendant, Mr. and Mrs. Johnson and two of their children were in Mrs. Hosey's automobile, which she drove to the store where the cigarettes were purchased. Thereafter, Mrs. Hosey drove them around in the automobile for a few minutes while Mr. Johnson was let out of the car in the vicinity of the house that was burned. According to the testimony of Mrs. Johnson, the automobile was then driven around by Mrs. Hosey with Mrs. Johnson and the two Johnson children therein for about ten or fifteen minutes, when it returned to the point where Mr. Johnson left the car. He was there picked up; he was asked by Mrs. Hosey, "Is it burned and he said yeah. And he said let's get out of here and we took off." They then went to the home of Mr.
*1232 Johnson's sister, where Mrs. Johnson and the Johnson children debarked, and at which time Mrs. Hosey gave Mr. Johnson a white envelope, which Mr. Johnson gave Mrs. Johnson, telling her to keep it until he returned, which she did. She testified that the envelope contained five hundred and eighty dollars. She also testified that at the time her husband left the automobile he had a can of lighter fluid in his hand.
Appellant relies upon Code of Alabama, Tit. 15, § 307, as follows:
"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
Mr. Johnson was indicted for the particular felony; he pleaded guilty and was sentenced to imprisonment for two years and granted probation. Even though there is some indication in the evidence tending to exculpate him of a felonious intent, we doubt not that he was an accomplice, and that if his testimony was not corroborated "by other evidence tending to connect the defendant with the commission of the offense," other evidence that does not "merely" show the "commission of the offense or the circumstances thereof," the judgment should not stand.
There may be basis for suspicion of complicity on the part of Mrs. Johnson, but our review of the record convinces us that there is no reasonable basis for a finding that she was guilty as a principal or an accessory before the fact. Her husband had worked often for the Hoseys in various capacities. According to her, her husband had been working for them all day before the fire, and he told her that Mrs. Hosey had the money for that day's work and that they went to Mrs. Hosey's house that night to get his money. Her testimony was seriously challenged by defendant's counsel, but not on any basis that she was in any respect particeps criminis. Defendant's contention was to the contrary, that Mr. Johnson had burned the house by reason of a grudge he had against the Hoseys, without any involvement of either Mrs. Johnson or Mrs. Hosey. A weaker case for implicating Mrs. Johnson in the crime is presented than that shown in Magouirk v. State, 49 Ala.App. 420, 272 So.2d 625, 629, where it was held:
"There is no evidence in the record which we find implicating witness George as an accessory before the fact to the murder. The evidence of defendant does not implicate George. Defendant pivoted his justification solely to his plea of self defense. It may be that George was an accessory after the fact in aiding defendant in removing and concealing the body. Tit. 14, § 15, Recompiled Code, supra. Violation of this section is a separate and distinct offense, made so by this section. Belser v. State, 16 Ala.App. 504, 79 So. 265.
The fact that George was indicted with defendant does not per se raise the presumption that he was an accomplice or accessory before the fact. Steel v. State, 37 Ala.App. 621, 73 So.2d 573. The mere presence of George at the scene of the homicide, without more, is insufficient to show him to have been an accomplice to the homicide. Snowden v. State, 27 Ala.App. 14, 165 So. 410; Davis v. State, 257 Ala. 447, 59 So.2d 592."
In addition to the corroboration by Mrs. Quinton Johnson of the testimony of Quinton Johnson, we find that Mr. Sid Batchelor, an investigator with the Houston County Sheriff's Department, testified that after the commission of the crime, a short time before Mr. Quinton Johnson was to appear before the grand jury in connection with the matter, Mr. Batchelor overheard a telephone conversation between defendant and Mr. Johnson, wherein she implored him to testify that he "got drunk and the last time you seen me the day of the fire was about five o'clock that evening" and that for doing so he would be paid four hundred dollars cash or given "a little ole trailer." Such testimony, pointing strongly to defendant's consciousness of guilt, constitutes sufficient corroboration to meet the requirements *1233 of the statute. Ross v. State, 74 Ala. 532; Crumbley v. State, 26 Ala.App. 24, 152 So. 55, cert. denied, 228 Ala. 45, 152 So. 57.
The punishment for arson in the first degree that does not produce the death or maiming of any person is "not less than two nor more than twenty years." Code of Alabama 1940, Tit. 14, § 23. Promptly after the return of the verdict and the release of the jury, the following occurred:
"THE COURT: Myrtle Hosey, the Jury having found you guilty of Arson in the First Degree, as charged in the indictment, on that Jury Verdict I hereby adjudge you guilty of Arson in the First Degree as charged in the indictment. Do you have anything to say why sentence of law should not be pronounced upon you at this time?
"MRS. HOSEY: Judge, I am not guilty.
"THE COURT: I hereby sentence you to imprisonment in the penitentiary of the State of Alabama for a period of 15 years. You are in the custody of the Sheriff.
"MR. ADAMS: Give notice of appeal and ask that the sentence be suspended pending the appeal, Judge.
"THE COURT: I want the record to show that in connection with the Court's sentencing in this case, that I took into consideration a case that I have had previously, a civil case, that I have had previously where Mrs. Hosey was sued for the recovery of certain personal property that she took from an individual where fraud was involved. I took that into consideration. Now your havingwhere the Jury rendered a verdict, a substantial verdict against Mrs. Hosey. Now this Court having sentenced you to imprisonment in the penitentiary of the State of Alabama for a period of 15 years, your having given notice of appeal to the Alabama Court of Criminal Appeals and having moved that your sentence be suspended pending appeal, your sentence is suspended pending appeal. And, your bail is set in the amount of $15,000.00. You are in the custody of the Sheriff.

"PROCEEDINGS CONCLUDED."
We admire the commendable candor and the obvious dedication to his sense of duty of the trial judge in the statement of his reason for the severity of the sentence. Nevertheless, we do not feel that the reason stated constituted a sufficient ground for a substantial increase in the sentence from what it would have otherwise been. We are not saying that the trial judge did not have sufficient information that would have warranted such an increase, but the incident referred to was not, standing alone, we think, sufficient. As the trial court based its reason on the narrated incident alone, we must review its action as based upon the narrated incident alone.
We must, and gladly endeavor to, adhere to the principle that it is the prerogative of the trial court to assess punishment within the legal limits, as sound discretion should dictate, and that the appellate courts should not usurp or invade the discretionary authority of the trial court in fixing punishment, within lawful limits. Goolsby v. State, 283 Ala. 269, 215 So.2d 602. Unquestionably, it was within the discretionary authority, under the circumstances of this case, of the trial court to sentence defendant to imprisonment for fifteen years, but that alone is not what we are now called upon to decide. Before us now is the question whether we should approve or disapprove the court's action in allowing the incident referred to increase defendant's punishment.
The range of outside matters entitled to consideration by the trial judge in fixing punishment is extremely broad. Few limitations are to be found. However, it is hardly questionable that there are limitations, that there are circumstances not growing out of the particular case in which the defendant is sentenced, that would furnish no justification whatever for an increase in the punishment. We do not find definite precedent for or against the action here considered. A scholarly and comprehensive review of authorities on the subject *1234 by Presiding Judge Cates is found in Scopolites v. State, 50 Ala.App. 115, 277 So.2d 389, cert. denied 291 Ala. 797, 277 So.2d 395, cert. denied, 414 U.S. 977, 94 S.Ct. 299, 38 L.Ed.2d 221. In that case, the court was considering the effect of information conveyed to the trial court by the prosecuting attorney at the time of sentencing, that defendant "had other narcotic charges in California which were dismissed." In affirming the sentence, the court said:
". . . [T]he two California narcotics charges were not denied by Scopolites. . . . The fact that somewhere in the judicial process the charges were dismissed does not wipe out the fact that two offenses were charged."
The court also held that as to the reference to the narcotics charges in California:
"Defense counsel, ready at other times to object, here chose to remain silent. We treat his silence as a waiver."
In Scopolites, the record does not conclusively show that the court increased the punishment by reason of the information as to the narcotics charges in California.
In the case before us, we do not have any reference to criminal charges. We do not say that gross misconduct not amounting to a crime is not a proper subject of consideration by the trial court in the sentencing process. We recognize that all criminal fraud involves scienter and that in most civil fraud scienter is an element, but not always. Implied perhaps, but not necessarily, in reference to the civil fraud case involving the taking of personal property from another, is the charge that she was guilty of the crime of obtaining personal property under false pretense. Even so, this is no more than conjecture, from our standpoint. The waiver charged against defendant's counsel in Scopolites, by reason of his silence at the time the objectionable matter was brought to the attention of the trial court, was by reason of the special circumstances narrated in that case, which do not exist here. It may well be that counsel fully understood the nature of the other case, that it was reprehensible and that it was worthy of consideration by the trial court in fixing the punishment. On the other hand, it could have been that he was not aware of it or that he could have convinced the trial judge that the other case should not be a substantial factor in the consideration of punishment, if he had had adequate opportunity to do so.
The question would be easier for us to resolve, if the trial court, after stating the reason for the severity of the sentence, had gone more into detail as to what was involved and had given defendant and her attorney an opportunity to state her side, if any, to the matter. Perhaps this could be accomplished at this late date, but under all the circumstances we think it better that final action be taken now on what has been presented to us. In our opinion, the judgment of conviction should be affirmed and the cause remanded to the trial court for resentencing, by a reduction of the sentence to the punishment that would have been imposed without any consideration of the civil case to which reference was made by the trial court.
The foregoing opinion was prepared by the Honorable Leigh M. Clark, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
REMANDED FOR PROPER SENTENCING.
TYSON, P.J., and CATES, HARRIS and BOOKOUT, JJ., concur.
DeCARLO, J., concurring specially.
DeCARLO, Judge, concurring specially.
I join in the opinion of this court but by doing so point out that this opinion is not to be construed as a procedure for the revision of sentencing by the trial court.
All the judges concur.

ON REHEARING
PER CURIAM.
The application for rehearing is hereby granted, and that portion of this Court's *1235 opinion on original deliverance which would remand this cause for proper sentence is stricken.
APPLICATION GRANTED: JUDGMENT AFFIRMED.
HARRIS, DeCARLO and BOWEN, JJ., concur.
TYSON, P.J., and BOOKOUT, J., adhere to their views as expressed on original deliverance.

On Rehearing
CLARK, Supernumerary Circuit Judge.
Pursuant to application filed by counsel under ARAP, Rule 39(k), we add to the statement of facts to the opinion in this cause the following:
"Frances Oran, Myrtle Hosey's daughter, testified that on May 27, 1975, the date of the fire at 903 South St. Andrews, she and her three children lived in the house which was burned."
OPINION EXTENDED.
APPLICATION OVERRULED.
All the Judges concur.