BOOKOUT, Judge.
Kidnapping; sentence: ten years imprisonment.
This case is another in a series of cases arising out of the bizarre and gruesome kidnapping and double murder of Mrs. Clarice Knabe and Ronald Harvey White. The immediate case is on appeal from a conviction for the kidnapping of Mrs. Knabe which occurred prior to her murder. The facts of this entire tragedy are set out at length in Yarber v. State, Ala.Cr.App. [Ms. April 19, 1977, 6 Div. 195], and need not be restated here. Also see: Miles v. State, Ala.Cr.App., 343 So.2d 801 (1977), cert. denied, Ala., 343 So.2d 806.
I
Appellant’s first contention on appeal is that he was erroneously convicted on the uncorroborated testimony of an accomplice, Danny Ray Miles, alias Mylar. Miles, who has also been tried and convicted for the dual murders, testified at this trial that he had been present during all the occurrences, but disclaimed any connection with planning or carrying out the crimes. Appellant presented no evidence at trial to the contrary. For aught appearing from the testimony before the jury, the fact that appellant acted alone in conceiving and perpetrating the crime remained substantially uncontradicted.
Whether or not Miles was an accomplice in this crime was at most a disputed fact. Yarber’s trial for this crime must be reviewed here as if the alleged accomplice Miles had never been tried and convicted. The fact that Miles’ murder conviction arose from the identical deeds under consideration here had no bearing on the trial below, nor here on appeal, on the question of his complicity vel non with appellant in this cause. Ex parte State of Alabama ex rel. Attorney General (Re: Samuel Yarber v. State of Alabama) [Ms. July 14, 1978, S.C. 2622] (1978).
We point out first that the mere presence of a witness at the scene of a homicide, without more, is insufficient to show the witness’s complicity in the crime. Taylor v. State, 49 Ala.App. 433, 272 So.2d 905 (1973). Miles’ testimony was that he was merely an unwilling witness to the entire episode. Thus, the evidence presented by the State through Miles’ testimony did not undisputedly establish his complicity. Therefore, a question of fact was presented for the jury as to whether or not Miles was an accomplice, and the judge so charged the jury. “Where the issue of whether the state’s witness was an accomplice is for the jury, the denial of the accused’s motion to exclude the state’s evidence for insufficient corroboration is not error.” Jacks v. State, Ala.Cr.App., 364 So.2d 397 (1978). Miles’ complicity vel non having been a disputed issue at trial, we find no error in the trial court’s refusal to grant appellant’s motion to exclude.
Further, even assuming arguendo Miles’ complicity in the crime, the other evidence presented in the case was sufficient in its corroboration of Miles’ testimony to sustain appellant’s conviction of this crime. Ex rel. Attorney General, supra.
II
 Appellant argues the prosecution against him should have been dismissed or the indictment quashed because of a breach of promise of immunity made by law enforcement officers to appellant. We do not agree. As this court firmly stated in Yar-ber, supra, law enforcement officers are without question totally lacking in power to authorize or grant immunity from arrest or prosecution to one criminally culpable under the laws of this state. Any right of an accused not to be prosecuted because of such a promise of immunity is equitable only. Breach of such a promise cannot be *870 pled in bar of an indictment, as grounds for dismissal of the prosecution, or as grounds for reversal on appeal. Long v. State, 86 Ala. 36, 45 So. 443 (1889); Yarber, supra.
Ill
Appellant contends that the trial court’s five month delay in ruling on his motion for speedy trial was a denial of his rights under the Sixth Amendment of the United States Constitution. Appellant’s argument is again without merit. Appellant was arraigned on January 15, 1976, and orally moved for a speedy trial. The record reflects, however, no attempt by appellant whatsoever to pursue a hearing or ruling on his motion. Further, the record reveals that when the motion was heard by the trial court at the opening of the case on June 14, 1976, the case had then twice been continued — once because of a death in the family of appellant’s counsel, and once because of a death in the trial judge’s family. Additionally, the record shows that a companion trial of appellant’s alleged accomplice upon the same facts and requiring the same witnesses as the instant cause was held in the interim period of time.
In Broadnax v. State, 54 Ala.App. 546, 310 So.2d 265 (1975), this court enunciated the requirements necessary to raise the issue of speedy trial in light of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Suffice it to say, length of time is only one factor to be considered in reaching a determination in this area. The reason for delay as well as any actual prejudice to the defendant’s rights must be weighed in the balance also. Radford v. State, Ala.Cr.App., 348 So.2d 880 (1977). The five month delay urged here as fatal to the State’s cause is insufficient in and of itself to show a denial of appellant’s constitutional rights. Kircheis v. State, 56 Ala. App. 526, 323 So.2d 412, cert. denied, 295 Ala. 409, 323 So.2d 421 (1975). Thus, the burden was on appellant to prove that this slight delay resulted in actual prejudice to his cause. Moss v. State, 50 Ala.App. 643, 282 So.2d 82 (1973). The only prejudice urged by appellant before the trial court was loss of the “freshness of the investigation.” He argues now on appeal that a potential witness who may have been available earlier was not available at the actual trial date. The record, however, does not show that the witness was earlier available, nor that he was in fact subpoenaed by appellant in this trial. Appellant did not meet his burden of showing that actual prejudice resulted from the delay in the trial.
Considering appellant’s failure to pursue a hearing or earlier ruling on his motion, the several reasons for the trial’s delay, and appellant’s failure to show that actual prejudice resulted from the delay, we find no violation of appellant’s constitutional rights. Radford, supra.
IV
Appellant argues the indictment against him was due to be quashed because evidence against him at the grand jury proceedings consisted in large part of a recounting of his own statement to police by a police officer. He argues this amounted to his being made a witness before the grand jury and as such, under § 28-4-318, Code of Ala.1975, was entitled to immunity from prosecution.
We point out first that § 28-4-318 is addressed and limited to proceedings involving crimes of intemperance in dry counties by virtue of § 28-4-316, and hence is in no way applicable to the case at bar. Additionally, the appellant was not a witness at the grand jury proceedings by which he was indicted. The fact that a police officer referred during his testimony before the grand jury to facts contained in a statement made at an earlier time by appellant did in no way work to render appellant a witness at the proceedings. And finally, the officer who testified at trial below stated his testimony before the grand jury was comprised of evidence found both before and after appellant made his statement. It is important to note also that the United States Supreme Court in United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), has expressly stated that exclusionary rules for illegally obtained evidence applicable at trials are not al *871 ways binding on grand jury proceedings because of the grave potential of interference with the effective and expeditious discharge of grand jury proceedings. Hence, though appellant’s statement was not admissible at trial, its contents were properly admitted before the grand jury for the purpose of indicting and not trying appellant in this cause. Calandra, supra.
We have reviewed the grounds for reversal relied upon by appellant in light of the record, the briefs, and the arguments, and find no prejudicial error to the substantial rights of appellant which would mandate a retrial of this cause.
AFFIRMED.
All the Judges concur.