TYSON, Judge.
Ronald Ray Cowan was indicted for escape in the first degree in violation of § 13A-10-31, Code of Alabama 1975.
The jury found the appellant guilty as charged in the indictment. The trial judge, following a habitual offender hearing, sentenced the appellant to life imprisonment in the penitentiary.
We pretermit a discussion of the facts in this cause since the only issues which the appellant raises on appeal concern procedural, rather than factual matters.
I
Defense counsel alleges reversible error occurred in this case because the trial judge refused to allow him to make a motion for judgment of acquittal outside the presence of the jury.
Rule 12.1(b), Alabama Rules of Criminal Procedure provides:
“Motions for judgment of acquittal may be made either in writing or orally upon the record and shall be argued outside the hearing of the jury; except that motions pursuant to Temporary Rule 12.3 shall be in writing.”
*286 We quote from the pertinent portion of the record.
“MR. BROWN: I have a motion, Your Honor.
“THE COURT: All right. Make your motion.
“MR. BROWN: Can we approach the bench?
“THE COURT: No, make your motion for the record.
“MR. BROWN: Judge, I want to make a motion for a judgment of acquittal at this time, but I request of the Court to make that motion outside the presence of the jury.
“THE COURT: Motion is denied. Make your motion.
“MR. BROWN: We reserve the motions.
“THE COURT: All right. Call your first witness for the defendant.
“MR. BROWN: Your Honor, if we could go back into that request, we would want to make a motion or a request at this time to be heard outside the presence of the jury.
“THE COURT: I have ruled on that, Mr. Brown. Go ahead.
“MR. BROWN: Move for a judgment of acquittal for the state to fail to make out a prima facie case; for its failure to make out a prima facie case this defendant was lawfully in the custody of Sheriff Buford Burgess at the time of his alleged escape from the jail.
“THE COURT: Anything further?
“MR. BROWN: And the record shows he was sentenced to a term in the state penitentiary.
“THE COURT: Motion is denied. Give you an exception.
“MR. BROWN: Defense rests, Your Honor. (R. 45-47).
We do not find reversible error on this issue for several reasons. First, Rule 12.1(b) states that the motion for judgment of acquittal may be made in writing or orally on the record. From this court’s reading of the Rule, we are of the opinion that such rule does not require that the motion be made outside the presence of the jury, but only states that the argument on this motion shall be made outside the presence of the jury.
It is clear from the above quoted portion of the record that defense counsel wishes to make this motion outside the presence of the jury. Once the trial judge denied this request, the appellant made his motion for judgment of acquittal but at that time did not ask to argue the motion outside the ‘presence of the jury. Therefore, the appellant did not make the proper request to have this motion argued outside the hearing of the jury.
Secondly, “[a] motion for judgment of acquittal tests the sufficiency of the evidence to support a conviction.” Comment following Rule 12.1(b).
The appellant on this appeal does not assert the insufficiency of the State’s evidence. No such argument is here made as error. Therefore, it cannot be said that he was prejudiced because he was not allowed to argue the motion for judgment of acquittal outside the presence of the jury since he does not in this court challenge the sufficiency of such evidence.
Furthermore, the appellant rested immediately after his motion was overruled and did not present any evidence on behalf of his client. The appellant could not, therefore, be prejudiced. We have reviewed the record in any event on this issue, and hold that the State did make out a prima facie case. See testimony of Deputy Green R. 40-45 and Sheriff Burgess R. 21-40. Therefore, the appellant was not prejudiced by the trial court’s ruling here at issue.
II
The appellant alleges the trial judge erred because he refused to require the State to elect between counts in the indictment until after the State had made its closing argument. The appellant contends the State should have been required to elect after it rested in presenting its evidence.
*287 We do not agree with this contention. First of all, this issue was addressed recently by Judge Bowen in Dietz v. State. [Ms. 8 Div. 866, March 20, 1984] (Ala.Crim.App.1984). In that case, the State was not required to elect between counts until all of the evidence had been presented.
Secondly, the appellant filed the motion to elect before the jury was impaneled and renewed it before opening statements. The motion was denied by the trial judge in both instances. The appellant did not again renew this motion until after the State had made its closing argument. Since the appellant did not renew the motion after the State closed its evidence, he had no grounds for complaint that it was not granted at that time.
For the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs in result only.