Russell Junior Reeves was convicted for the murder of Howard Clayton Miller and sentenced to thirty-five years' imprisonment. Five issues are raised on this appeal from that conviction.
 I
Reeves contends that Emanuel Denny, David Williams, and Jimmy Williams were his accomplices and that he was entitled to pretrial disclosure of their statements under Rule 18.1 (b)(1), A.R.Cr.P. (Temp.).
 A.
Initially, it must be noted that "[t]he accused is ordinarily not entitled to pretrial inspection of statements of prosecution witnesses. This rule applies to statements of accomplices and co-defendants." Kennedy v. State,472 So.2d 1092, 1096 (Ala.Cr.App. 1984), affirmed, Ex parte Kennedy,472 So.2d 1106 (Ala. 1985), cert. denied, Kennedy v. Alabama,474 U.S. 975, 106 S.Ct. 340, 88 L.Ed.2d 325 (1985). Rule 18.1 (b) provides: "Upon motion of the defendant the court shall order the district attorney: (1) To permit the defendant to inspect and copy any written or recorded statements which the stateintends to offer in evidence at the trial made by a co-defendant or accomplice to any law enforcement officer, . . ." (Emphasis added.) Under Rule 18.1 (b), a defendant is only entitled to discover the contents of those statements which were made by a co-defendant or accomplice to any law enforcement officer and which the State intends to offer in evidence at trial. Here, there was no showing that the State intended to call any of the defendant's three companions as a witness, and the State did not in fact do so.
 B.
Second, we note that the defendant did not carry his burden of proving that his three companions were actually accomplices.
The defendant filed a pretrial motion requesting that the State produce and disclose "[a]ny written or recorded statements made by a co-defendant or accomplice to any law enforcement officer." This motion was heard by the trial court immediately prior to trial. The defendant requested to examine the statements of Jimmy Williams, David Williams, and Emanuel Denny. The trial court denied this motion stating: "The court has considered the statements in camera and after having considered these statements finds that they are not — that these particular men are not co-conspirators in the case which this court is trying."
The undisputed evidence at trial showed that the defendant, Jimmy Williams, David Williams, and Emanuel Denny had a dispute with Steve Reeves (the defendant's brother), Connie Reeves (his sister), and the victim. Later, the defendant and his three companions attempted to borrow a shotgun from Bill Matson, Jimmy Williams' neighbor. Matson only gave them some shotgun shells. The defendant and his companions then drove by the victim's house, where Steve Reeves and the victim were standing in the front yard. As the car drove by, the defendant climbed out the passenger's window *Page 896 
of the car, placed the shotgun across the roof, and fired. The blast struck the victim, knocking him over Steve Reeves. The four men in the car were arrested later that night at the Williams home. The State did not call any of the defendant's companions to testify.
David Williams testified as a defense witness. He stated that he never saw the defendant load the shotgun, which belonged to the defendant, and nothing was said about shooting anyone. Williams testified that they did not think the victim would be at his house and "nobody talked about what was going to happen." He stated that he thought the defendant "was going to shoot up in the air."
The defendant testified in his own behalf. He admitted shooting the shotgun but claimed that he "didn't know it was loaded, or nothing, and [he] just shot." He stated that there was no prior conversation about shooting the gun, and that Jimmy Williams did not tell him to shoot the victim.
After the defendant had been excused from the witness stand, defense counsel "renewed" his motion to produce, claiming that evidence elicited during the prosecutor's cross-examination of David Williams showed that the defendant's three companions were actually his accomplices. That evidence was that all four men talked about getting a shotgun and going target shooting, that immediately after the defendant fired Denny said "one of them had been hit," and that after the shooting all four men went to the Williams residence and planned to tell the police that they had been there drinking that day and had never left.
The district attorney argued that, since there was no evidence that any of the defendant's companions was an accomplice, the defendant was not entitled to see their statements. However, at the conclusion of his comments, the prosecutor stated, "I will be glad, if Your Honor thinks it's safer just for the record, I will be glad to do it; but there's no evidence before this Court that anybody in that car was a co-conspirator in the murder." Then the following occurred:
 "THE COURT: Are you going to call a witness at this time?
 "MR. ADAMS [Defense Counsel]: No, Your Honor. Other than we would like to renew our motion to exclude the State's evidence. Other than that, we rest.
 "MR. RUMSEY [District Attorney]: I'll be glad to give him the statements. That's what I just said for the record. I don't want anything messed up in the record. He makes a motion for the statements and then he rests.
 "THE COURT: Go ahead if you've got them. The Court has looked at them.
 "MR. KING [Assistant District Attorney]: Which ones is he asking for, Judge?
"THE COURT: Which ones do you want, Mr. Adams?
"MR. ADAMS: Emanuel Denny.
"MR. RUMSEY: Here it is. I've only got the original.
"THE COURT: Do you have anything further, Mr. Adams?
 "MR. ADAMS: No. I would like for the Court to make those statements part of the file, and if they are needed for appeal they would be sealed and go down as an in camera inspection.
"MR. KING: Which statements are you talking about?
 "MR. ADAMS: All statements. All the ones you viewed in camera I would like to be made a part of the file and just sealed; and if it goes to the effect that the defendant is ultimately convicted, made a part of the record and would go down with the record. With that, we rest.
"THE COURT: Any response?
"MR. RUMSEY: Yes, sir, we have a witness coming.
"THE COURT: I mean to this motion.
 "MR. RUMSEY: He just got what he wanted and then he called a witness up here. What's he talking about?
 "MR. ADAMS: All I would like is if an appeal has to be taken that they just be made a part of the record, that those statements he viewed in camera be sealed and go down with the record. *Page 897 
Judge, we contended from the first that we were relying on them being statements of accomplices; and you ruled that they weren't.
 "MR. RUMSEY: I beg your pardon. He ruled at that time that they were not.
 "MR. ADAMS: They were not available to us; you inspected them.
 "THE COURT: I'll take your motion under advisement and rule on it accordingly.
"MR. ADAMS: With that, we rest."
The statements of the defendant's three companions are not contained in the record on appeal. The record contains no ruling of the trial court on the defendant's motion that the statements be included in the record. There is nothing to indicate that the trial court refused, rather than simply failed, to rule. See Boykin v. State, 398 So.2d 766, 768
(Ala.Cr.App.), cert. denied, Ex parte Boykin, 398 So.2d 771
(Ala. 1981). Whorton v. State, 422 So.2d 812, 813 (Ala.Cr.App. 1982) ("In the absence of a ruling, a request for a ruling, or an objection to the court's failure to rule, we have nothing to review."). The defendant has filed no motion to correct the record. Rule 10, A.R.A.P.
"Appellant bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record." Harris v. State, 420 So.2d 812, 816
(Ala.Cr.App. 1982) (citations omitted). "Rule 10 (f), Alabama Rules of Appellate Procedure . . . specifically authorizes the correction of an omission from the record." Pope v. State,387 So.2d 300, 301 (Ala.Cr.App. 1980). See also Weaver v. State,401 So.2d 344, 348 (Ala.Cr.App. 1981). "Since the rule has not been invoked to supply the complained of omission, there is nothing for this Court to review." Welch v. State,455 So.2d 299, 300 (Ala.Cr.App. 1984).
"[I]n the absence of the evidence and proceedings on the trial, all presumptions must be indulged in favor of the trial court. Error cannot be presumed." Thomas v. State, 231 Ala. 606,607, 165 So. 833, 834 (1936). "When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge." Ballard v. State,236 Ala. 541, 542, 184 So. 260, 261 (1938). "It is also the well established rule that doubtful recitals must be construed most strongly against the excepter. . . . Appellant has the burden of showing reversible error, and error must affirmatively appear." Id. "Substantial error is not presumed, but the burden is upon the appellant to show error." Edwards v. State,274 Ala. 569, 570, 150 So.2d 710, 711 (1963). "A reviewing court cannot predicate error on matters not shown by the record. Indeed, a silent record supports a judgment. It is the appellant's duty to file a correct record." Robinson v. State,444 So.2d 884, 885 (Ala. 1983) (citations omitted).
The evidence that is contained in the record disputes the defendant's contention that his companions were his accomplices. Indeed, the defendant himself testified that no murder was planned and that he never intended to kill anyone.
"[K]ey elements of accomplice liability are encouragement or presence `with a view to render aid should it become necessary.' When liability is predicated on the latter it is essential that the principal be aware of the accomplice's support and willingness to lend assistance." Ex parte Ritter,375 So.2d 270, 274 (Ala. 1979) (emphasis in original), vacated on other grounds, Ritter v. Alabama, 448 U.S. 903,100 S.Ct. 3044, 65 L.Ed.2d 1133 (1980); § 13A-2-23. "The mere fact that a witness was present at the scene of a crime does not, in and of itself, make the witness an accomplice." Ex parte Bates,461 So.2d 5, 7 (Ala. 1984). One whose only participation is to cover up or prevent discovery of a crime is not an accessory to the principal. See Belser v. State, 16 Ala. App. 504, 505,79 So. 265 (1918); Cooper v. State, 43 Ala. App. 385, 388,191 So.2d 224, cert. denied, 280 Ala. 711, 191 So.2d 229 (1966). "The defendant who alleges that a witness is an accomplice has the burden of so proving, unless the evidence presented by the prosecution shows without dispute that the witness is an accomplice." Ex parte Bates, *Page 898 
461 So.2d at 6. "[N]ormally, a reviewing court determines the correctness of a trial court's ruling `as of the time when it was made and according to what the record shows was before the lower court at that time.'" Henry v. State, 468 So.2d 896, 899 (Ala.Cr.App. 1984), cert. denied, Ex parte Henry, 468 So.2d 902 (Ala. 1985).
Since this Court does not have the statements of the defendant's three companions which formed the basis for the trial court's pretrial finding that these companions were not accomplices, this Court has nothing to review and must assume that the trial court's action is correct. Since, at trial, the only alleged accomplice to testify denied any participation in or prior knowledge of the murder, and the defendant's testimony suggested that there was no crime to which any party could have been an accomplice, the issue of whether or not the companions were accomplices for purposes of discovery was a question of fact for the trial court to determine. Yarber v. State,375 So.2d 1229 (Ala. 1978); Jacks v. State, 364 So.2d 397, 403
(Ala.Cr.App.), cert. denied, Ex parte Jacks, 364 So.2d 406
(Ala. 1978). A finding by a court, sitting without a jury, on the oral testimony of witnesses, will not be reversed on appeal "unless plainly erroneous." Scruggs v. State, 165 Ala. 121,51 So. 302, 303 (1909).
A defendant who seeks to compel the State to disclose the testimony of an alleged accomplice has the burden of proving and convincing to the satisfaction of the trial court that the witness is in fact an accomplice. The defendant did not carry this burden, and the ruling of the trial court was proper.
 II
The record on appeal is not sufficient to allow this Court to review the defendant's argument that he was entitled to the statements of the defendant's three companions because they "could have contained exculpatory material." As explained in Part I, those statements are not contained in the record. Therefore, we must assume that the action of the trial court is correct.
Additionally, we note that David Williams testified at trial that after the shooting they agreed to lie to the police and tell the police that they had been at his house all day "sitting and drinking," that they did not leave the house, and that they did not know anything about the shooting.
Additionally, in his argument to the trial court, defense counsel contended that he was entitled to the statements because they were made by accomplices of the defendant — not because they contained exculpatory information. In his motion to produce, the defendant did request the disclosure of exculpatory information but did not allege that the statements were exculpatory.
 III
The defendant was charged in a two-count indictment with intentional murder and reckless murder. § 13A-6-2. At the beginning of trial, the defendant made a motion to require the State to elect. The trial court requested "case law." The record shows no ruling on this motion. After the close of the evidence, the prosecutor moved to dismiss the reckless murder count. The case was submitted to the jury only on the count charging intentional murder. The defendant contends that it was "highly prejudicial and fundamentally unfair for the State to proceed at trial under a two-count indictment alleging" both intentional and reckless murder.
"The rule is that the court will not compel an election unless it appears either from the indictment or the evidence that an attempt is made to convict the accused of two or more offenses growing out of separate and distinct transactions."Williams v. State, 383 So.2d 547, 557 (Ala.Cr.App. 1979), affirmed, Ex parte Williams, 383 So.2d 564 (Ala.), cert. denied, Williams v. Alabama, 449 U.S. 995, 101 S.Ct. 534,66 L.Ed.2d 293 (1980). Here, there was evidence that there were two people in the yard when the defendant fired the shotgun: the victim and the defendant's brother. Thus, the count charging reckless murder was not without some factual basis. Here, the purpose of the two counts "was not to *Page 899 
charge two or more separate offenses, but to vary the description of one and the same offense based upon one and the same transaction . . . . [in order] to meet every probable contingency of evidence." Floyd v. State, 486 So.2d 1309, 1313
(Ala.Cr.App. 1984), affirmed, Ex parte Floyd, 486 So.2d 1321
(Ala. 1986) (footnote omitted), cert. denied, Floyd v. Alabama,479 U.S. 1101, 107 S.Ct. 1328, 94 L.Ed.2d 179 (1987).
Here, the allegations of the indictment were not unduly prejudicial to the accused. See Dietz v. State, 474 So.2d 120,126 (Ala.Cr.App. 1984), reversed on other grounds, Ex parteDietz, 474 So.2d 127 (Ala. 1985). We note that the defendant did not obtain a ruling on his motion and only renewed it after all the evidence had been presented. Consequently, he has no grounds of complaint. Cowan v. State, 460 So.2d 284, 287
(Ala.Cr.App.), cert. denied, Ex parte Cowan, 460 So.2d 287
(Ala. 1984).
 IV
On February 3, 1987, the defendant filed a "petition for interstate rendition of material witness made in state of residence of witness" seeking to secure the attendance of Jimmy Williams at the defendant's trial. Williams was allegedly living in Missouri. Trial began on February 9, 1987.
The district attorney stated to the trial court that "we tried to assist in every way . . . that [the defendant] requested" in securing Williams' attendance. At trial, David Williams, Jimmy's brother, testified that he knew Jimmy had left the State of Alabama but had no idea where Jimmy was, had not heard from him, and did not know how to reach him. Defense counsel admitted that he had not talked to Jimmy Williams and did not satisfy any of the three conditions requiring the granting of a continuance.
 "A motion for a continuance is addressed to the discretion of the court and the court's ruling on it will not be disturbed unless there is an abuse of discretion. Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973). If the following principles are satisfied, a trial court should grant a motion for continuance on the ground that a witness or evidence is absent: (1) the expected evidence must be material and competent; (2) there must be a probability that the evidence will be forthcoming if the case is continued; and (3) the moving party must have exercised due diligence to secure the evidence." Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala. 1986).
"Generally, the refusal to continue a case on the ground of the absence of a witness is not an abuse of discretion where the testimony which the witness would have given is cumulative."Green v. State, 377 So.2d 4, 6 (Ala.Cr.App. 1979). See alsoSegers v. State, 283 Ala. 694, 220 So.2d 882 (1969), involving an absent accomplice. We find no error in the denial of the requested continuance.
 V
The defendant also requested a continuance of his trial beginning February 9th until he could obtain a copy of the medical records from the three hospitals involved in treating and transporting the victim after the shooting. Defense counsel represented that he had filed a subpoena duces tecum with each hospital on "February 3 or February 4." The trial court effectively denied this motion by stating to defense counsel: "You can follow up on your subpoena duces tecum at the lunch hour and ask them to send them on over or send somebody over there to get them for you." The record contains no further information on this issue and it was not a ground of the motion for new trial.
It has not been shown that the defendant exercised due diligence in attempting to obtain the medical records. SeeStewart v. State, 398 So.2d 369, 374 (Ala.Cr.App.), cert. denied, Ex parte Stewart, 398 So.2d 376 (Ala. 1981) (witness subpoenaed on Thursday before Tuesday trial date).
"A motion for a continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed unless clearly abused." Fletcher v.State, 291 Ala. 67, 68, 277 So.2d 882, 883 (1973); Butler v.State, 285 Ala. 387, 393, 232 So.2d 631, 635 (1970), cert. *Page 900 
dismissed, 406 U.S. 939, 92 S.Ct. 1807, 32 L.Ed.2d 140 (1972) ("unless a gross abuse of the court's prerogative is shown").
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.